## HOCHENEDEL v. HEARD.
### No. 1972.

Court of Appeal of Louisiana. First Circuit.
May 4, 1939.

Joseph A. Gladney, of Baton Rouge, for appellant.

Odom & Prejean, of Baton Rouge, for appellee.

OTT, Judge.

Plaintiff's car was damaged to the extent of $141.50 when it was struck by the defendant's car in the intersection of Spain and South Twenty-First Streets in the City of Baton Rouge on the morning of May 7, 1938. Plaintiff's car was being driven by J. D. Renter, a colored employee of Hochenedel Service Station, and who had been instructed by plaintiff's son to go on an errand for him to his home. Instead of going the most direct route to the home of Hochenedel, Jr., the colored boy took it upon himself to go by his own home on South Twenty-First Street, the collision occurring just before he reached his home. Renter was driving north on South Twenty-First Street, and Mr. Heard was driving his own car east on Spain Street.

At the intersection, Spain Street is 22 feet wide and South Twenty-First Street is a little over 23 feet wide. Spain Street is a right of way street. The collision occurred about the center of the intersection, and the front part of defendant's car struck the left side of plaintiff's car just in front of the rear left wheel.

The negligence charged to defendant is excessive speed, failure to slow down for the intersection, and his failure to recognize the right of way acquired by Renter because of having entered the intersection first.

Defendant denies that he was guilty of any negligence, but avers that the accident was caused by the negligence of Renter in driving on the left side of the street, in failing to look to his left on Spain Street as he entered the intersection, in his excessive speed and failure to give a signal, and his failure to recognize defendant's right of way on Spain Street. While defendant denies any negligence on his part, he pleads in the alternative the negligence of Renter as the cause of the accident in the event it is found that he (defendant) was guilty of any negligence.

The judgment of the trial court rejected the claim of the plaintiff and he has appealed. While the record does not show the grounds on which the trial judge rejected the plaintiff's claim, we assume that it was because of a failure to prove negligence on the part of defendant.

Renter claims that he was driving on his right or the east of South Twenty-First Street as he approached the intersection; that he was driving fifteen to twenty miles per hour; that he blew his horn and slowed down for the intersection; that he looked to his left and saw defendant's car coming on Spain Street from one-third to a half block away; that he entered the intersection before defendant; that when he was about half way across the intersection defendant struck the car he was driving on the left side and threw it against the curb at the northeast corner of the intersection.

Defendant's version of the accident is quite different. He says that he was going out Spain Street about twenty miles per hour; that Renter was driving on the west or Renter's left side of South Twenty-First Street, and his view was cut off by a house at the southwest corner of the intersection; that he (defendant) could not see Renter until he was right on him; that he put on his brakes, and struck the other car near the center of the intersection.

A witness for defendant testified that he was following defendant going out Spain Street and was about one-third of a block behind him as they approached the intersection; that defendant was driving from fifteen to twenty miles per hour, and that defendant and Renter entered the intersection practically the same time; that both cars were going about the same speed and collided near the middle of the intersection.

We might observe here that the evidence shows that defendant blew his horn before entering the intersection, while the

evidence leaves some doubt on the point as to whether Renter blew his horn and slowed down before entering Spain Street. Renter says he was driving on his right or the east side of South Twenty-first Street, but defendant says that Renter was on the west or his left side. The fact that the collision occurred near the center of the intersection indicates that Renter must have been driving about the center of the street, he certainly could not have been on the east side.

There was a house on the southwest corner of the intersection, and if Renter was approaching on the center of the street going north and defendant was approaching on his right side of Spain Street going east as he says, it is obvious that neither defendant or Renter could see each other until within a few feet of the intersection on account of the house on the corner, as both streets and the intersection are very narrow. As defendant was on a right of way street, he had a right to assume that a car approaching from the other street would slow down and not enter the narrow intersection in the face of an oncoming car.

Had Renter been on his right side of the street he not only could have seen further west down Spain Street, but defendant would have had a better view of him as they both approached the intersection, and besides the defendant would have had a greater distance to go in crossing the intersection before striking Renter. As it was, defendant did not have more than ten or twelve feet to go after entering the intersection before striking Renter in the center of the street, and from the skid marks it appears that defendant tried to stop for about that distance.

We think the proximate cause of the accident was the negligence of Renter in driving in the center of the street and in entering a narrow and partly obstructed right of way street without taking proper precautions for avoiding oncoming traffic. In reaching this conclusion, we are not relieving defendant from responsibility because of contributory negligence on the part of Renter, but because we fail to find sufficient proof to show negligence on the part of defendant. This conclusion renders it unnecessary to determine whether or not Renter was at the time acting as an agent or employee of plaintiff in such a way as to make his negligence imputable to plaintiff. The acts and conduct of Renter have been considered only insofar as they would show lack of negligence on the part of defendant.

The questions involved raise principally questions of fact, and as we have so often observed, we are loath to disturb the findings of fact by the trial judge unless his findings are clearly erroneous. We are unable to say that his findings are erroneous.

For these reasons, the judgment is affirmed at the cost of appellant.