This is a suit for damages for personal injuries brought by Dr. William E. Wilkinson and his wife, Mrs. Lillian Wilkinson, against the Great American Indemnity Company, insurer of an automobile belonging to their son, Dr. Worth S. Wilkinson, and in which they were riding as guests with him on June 18, 1948, and both sustained the injuries complained of, in an accident which occurred at the intersection between Highways 272 and 130 in the Parish of East Baton Rouge. The plaintiffs and their son had been to Port Hudson that afternoon to attend the burial of one of their relatives in the National Cemetery there. They lived at Jackson, Louisiana, and were returning home when the accident happened.
They were traveling in an easterly direction on Highway 272 which is a rather narrow and unimportant graveled road. At that same moment a Chevrolet automobile belonging to and being operated by one James Roosevelt Smith, a Negro, was travelling on Highway 130, which, relatively speaking is a far more important highway. There is testimony from a witness who is familiar with the conditions, as he is a State Trooper, which indicates that the traffic on Highway No. 130 is ten times greater than that on Highway No. 272. The Wilkinson car was being driven at a rate of speed not greater than 15 miles per hour and the Smith car, may have been going a bit over 30 miles per hour. A collision took place between the two vehicles about a foot or two east of the center line of the intersection resulting in the injuries here complained of and for which recovery is sought by the two plaintiffs. Availing themselves of the provisions of Act No. 55 of 1930 they are suing the liability insurance *Page 24 
carrier of their son's car in a direct action and are making no demand against him.
After setting out the facts as they have been stated, they allege, in their petition, that the collision and resulting injuries they sustained were in no wise due to any fault or negligence on their part but were due solely and entirely to the fault and negligence of Dr. Worth S. Wilkinson in the following particulars: (1) that although the Chevrolet automobile was approaching the intersection from his right and thus had the right-of-way under the State Highway Regulatory Statute, he nevertheless entered the intersection in complete disregard of this fact and without first ascertaining whether a vehicle was approaching from that direction; (2) that Highway No. 130 is more important and heavily traveled than is Highway 272, and despite this fact he entered Highway No. 130 from the inferior highway on which he was traveling without first stopping or slowing down to determine what traffic conditions were on the favored highway; (3) that he entered the intersection, which is a blind one, without keeping a proper look-out for other vehicles which may be entering it from either side; and (4) that he failed to see the Chevrolet approaching from his right in time to avoid striking it notwithstanding the fact that it was travelling on a highway which is straight for a distance of almost one-quarter of a mile in the direction from which it was approaching.
Dr. William Wilkinson alleges that he sustained a complete fracture of the descending ramus of the right pubis, an oblique fracture of the os innominatum extending into the right acetabulum, severe contusions in the region of the lower right ribs, a severe bruise to his right knee and extensive shock. He also sets out the treatment, the pain and suffering he endured, his hospitalization and confinement, etc. Mrs. Wilkinson alleges that she suffered contusions in the region of the back, right side, and right hip, and, on information, alleges and believes that she suffered fractures of one or more ribs on the right side. The total demand made by Dr. Wilkinson is the sum of $15,250 of which $5,000 is for physical injury, $6,500 pain and suffering and $3,750 permanent disability. Mrs. Wilkinson's demand is for $2,500 divided into two items which are $1,000 for physical injury and $1,500 for pain and suffering.
The defendant filed its answer in which it denied all the negligence charged against its assured and specifically sets out that its liability under its policy, in any event, is limited to the sum of $5,000 for any one person and $10,000 for liability arising out of any one accident. Further answering it avers that the collision was in no way due to any fault or negligence on the part of its assured but due entirely to the negligence of Smith, the driver of the Chevrolet automobile, first, in entering the intersection at an excessive and reckless rate of speed after it had been preempted by the automobile driven by Dr. Wilkinson and second, in entering the said intersection from a less travelled and less favored road without stopping to observe the approach of traffic upon the more favored highway on which the Wilkinson car was travelling. In the alternative defendant pleads that should Dr. Worth S. Wilkinson be found guilty of negligence contributing to the accident then that the plaintiffs Dr. William Wilkinson and Mrs. Wilkinson were guilty of negligence contributing to it also in that they failed to warn the driver of the car in which they were riding of the dangerous conditions which existed at the place and at the time of the accident, though they both well knew of the existence of such conditions, all of which negligence bars recovery on their part.
The trial judge, after hearing the case, reached the conclusion, in the written opinion which he filed in the record, that Dr. Worth Wilkinson was guilty of negligence and consequently his insurer was liable and responsible for damages to the guests who were riding with him. Presumably he did not find them to be guilty of any contributory negligence. He stated that it was not necessary for him to pass on the question of Smith's negligence for even if he was negligent it would avail the defendant nothing since under the law of this State a party injured by the joint negligence of two or more people can select which one of the *Page 25 
joint tort fesors he would sue. He awarded Dr. Wilkinson $3,000 and Mrs. Wilkinson $250. The defendant has appealed and both plaintiffs have answered asking for an increase in the amount of the award made to each.
It is apparent, in the first place, that this is one of those intricate intersectional collision cases involving the question of preemption by the vehicle which is on the least favored highway. Although it is pleaded in the defendant's answer that the Wilkinson car was on the more favored highway, the fact is otherwise as the testimony definitely shows Highway No. 130 to be a more important road than the other. In that respect it gave the driver of an automobile travelling over it a superior right-of-way over the driver of a car on Highway No. 272. The law otherwise gave the vehicle on Highway No. 130 a right-of-way in this case since it was approaching the intersection from the right of the driver of the car on the other road. See Act No. 286 of 1938, paragraph 3, rule 11. In view of these facts the question of preemption becomes very important in determining the negligence of either of the parties involved or that of both of them.
We think it can safely be stated that the Wilkinson car entered the intersection first as it was going at a slower rate of speed than the other car and had already reached a point slightly beyond the center of the intersection when it was hit on the right front end, next to the front door, by the other automobile. The question that next arises is was this preemption sufficient, as such, to hold that the driver on the favored road should have yielded the right-of-way which he had by virtue of being on that road and also of the fact that he was approaching from the other driver's right? Ordinarily we would say that probably he was entitled to his right of preemption but that brings up another question which involves the condition of the road and other conditions and circumstances surrounding the intersection.
In the case of Boullion v. Bonin, 2 So.2d 535, decided by this court, and relied on by the defendant, we were concerned with an entirely different intersection, as far as appearances were concerned, from the one in this case. In the first place the intersection was in a large town, with paved streets, and the favored street was a very large avenue, 76 feet wide. It is even shown in the opinion that a point on which the driver of the car should have been held negligent was the fact that he had enough place to pass, unimpeded, to the left of the automobile which had preempted the intersection. In this case, the intersection is in a strictly rural area; both roads are gravelled, neither of them very wide, as we would judge, and perhaps most important of all there is a blind corner on the southwest caused by a heavy growth of weeds, taller than the height of a man, which obstructed the view of the driver of the Wilkinson car as well as that of the driver of the Chevrolet. In the Boullion case the corner of the intersection where the cars approached, was clear and unobstructed. In that case also, the evidence disclosed that the Bonin car was being driven at a very fast rate of speed and that the collision took place after the Bonin car had reached a point two-thirds across the intersection. Therefore we can't see much application the decision in that case can have on a decision in this case because the conditions existing and the facts and circumstances are entirely different.
It may be hard for the defendant in this case to have to deal with an assured who is the son of the plaintiffs in the case but they all impress us as being very high-class people and we have no reason to suspect any collusion. If we have to accept the word of Dr. Worth Wilkinson it would seem that although he was driving at a very moderate rate of speed, he entered this blind intersection entirely unconcerned with the fact that traffic may have been approaching from the other road, and as in fact it was. He says himself that he did not stop and neither did he look; the first he knew of the approach of the Smith car was when his father exclaimed, "Look, that car is going to hit us!" and at that moment it was only 30 feet away from him. Had he been the least observant on approaching the intersection, there is no reason why, going as slow as he was at the time, he could not *Page 26 
have stopped his car even before he reached midway of the intersection and thus have avoided the accident.
Counsel for defendant insist that the driver of the other car was grossly negligent and that his negligence was the sole and proximate cause of the accident. For the purposes of this case it matters not whether he was negligent or not. The question is, was the driver of the Wilkinson car negligent in any manner and would that negligence contribute in any way to the accident. In our opinion for the reasons stated, he was, and we do not find that his negligence was remote to the extent that it was held in the Boullion case that Bonin's negligence was not a proximate cause of the accident. We conclude therefore that the trial judge was correct. At least no manifest error appears in the conclusion he reached on these points.
We think it is necessary for us to refer in some slight way at least to the plea of contributory negligence aimed against Dr. William Wilkinson and his wife. A reading of the testimony however fails to disclose any negligence at all on their part. They were not familiar with this part of the country, as it is shown that this was their first trip on that highway. They had an opportunity no doubt of observing the blind corner at the intersection as did their son but they also had the right to rely on his prudence as a driver and had no reason to think that he would enter the intersection without looking, at least, for oncoming traffic on the other road since apparently, he did not think it necessary to stop. They are therefore entitled to recover as the trial judge held.
With respect to the amount we have carefully read the testimony and believe the awards are entirely fair. Dr. Wilkinson no doubt suffered painful injuries but had very good care and attention and we believe, he has made a good recovery. There is no pecuniary loss involved as he occupied the position of one of the doctors on the staff at the East Louisiana State Hospital at Jackson, working on a salary basis, which he was paid regularly during the time he was confined because of his injuries. Mrs. Wilkinson's injuries were minor and it is mere speculation on her part or on the part of those doctors who testified for her that she may, in the future, have some resulting effects from the accident. We certainly believe that the award in her favor was ample.
Judgment affirmed, at the costs of the defendant, appellant herein.