ELLIS, Judge.
Plaintiff has filed this suit for personal injuries and property damage, against defendant and his insurer, Hardware Mutual Casualty Company, as the result of an in-tersec'tional collision in the Town of Cov-ington between a taxicab owned and driven by plaintiff, and an automobile owned and 'being operated by the defendant, on the night of January 6, 1950 at approximately 11 P.M.
Plaintiff alleged that the accident was caused by the negligence of the defendant in driving his automobile' at an unlawful rate of speed; in not keeping a proper lookout; not keeping his car under proper control; in failing to stop at the intersection; in not slowing down at the intersection; in not sounding his horn, and in driving directly into the path of plaintiff’s car which he saw or in the exercise of due care should have seen.
The defendants in a joint answer entered a general denial and further answered setting forth that the accident was due to the negligence of the plaintiff in that he was operating the -taxicab at a *120 reckless and .high rate of speed; that since the defendant approached, the.intersection at plaintiff’s right hand side and was exercising due and reasonable care, he had the right of way, in fact and in law, and that the negligent manner in which the plaintiff was operating his car was the proximate cause of the accident, and, further, that he had the last clear chance to avoid the accident which he failed to do, and in the alternative, defendants plead contributory negligence.
On the day of the trial, the defendant, J. N. Pittman, filed a supplemental and amended answer which contained a recon-ventional demand for $800 for damages resulting to his automobile in the accident. This supplemental and amended answer was objected to by counsel for the plaintiff on the ground that no order of Court was obtained for its filing and it came too late for the reason that it altered the substance of the demand.
The District Court with written reasons rejected the demands of the plaintiff at his cost and also the reconventional demand of the defendant, holding both plaintiff and defendant to have been guilty of negligence.
From this judgment the plaintiff prosecuted a devolutive appeal. The defendant has neither appealed nor answered the appeal, therefore the only issue is the correctness of the judgment of the trial court insofar as it affects the plaintiff.
Judge Jones sustained the objection to the reconventional demand of the defendant under the authority of Hartmann-Salmen Co., Inc. v. Maloney, La.App., 156 So. 83; and Martin v. Toye Bros. Yellow Cab Co., La.App., 162 So. 257. In view of the fact that the defendant was also negligent and could not recover even if the recon-ventional demand were considered, it is immaterial whether it be allowed or not.
New Hampshire Street, which runs north and. south', was being traversed by the plaintiff 'in a southerly direction, while Lockwood Street, which runs east and west, was being traversed by the defendant in an. easterly direction. As there was no ordinance by the government body of the Town of Covington establishing right-of-way streets, or at least the record is devoid of same, in order to determine this matter we must refer to Act No. 286 of 1938, Section 3, Rule 11(a), LSA—Revised Statutes 32:237 was not in effect until May 1, 1950 and the accident happened on January 6th, 1950, which states that when two vehicles approach an intersection at approximately the same time, the driver approaching from the right shall have the right-of-way, and that the driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right-of-way which he might otherwise have. It is, therefore, -clear that the defendant Pittman was approaching from the right, and under the circumstances was on the favored or right-of-way street.
The testimony shows that this is somewhat of a blind intersection particularly for traffic traveling on New Hampshire Street south as was the plaintiff in the present case. It is also proven and found by the district judge that the plaintiff was traveling at a speed between thirty and thirty-five miles per hour, and that he did not slow down but continued at the same speed into the intersection to the point of collision. It is shown that the defendant was traveling between 10 and 15 miles ■per hour but that he did not see the plaintiff until momentarily before the collision when he applied his brakes, at the time being six or eight feet out into, the intersection.
The -blow to plaintiff’s car was on the right rear wheel and fender, which caused it' to turn over, land on its top and skid some 65 feet south on New Hampshire Street. The front end of defendant’s car was carried in a southerly direction by the great speed of plaintiff’s car.
Plaintiff, as found by the district judge, is.clearly guilty of negligence in failing to keep a proper lookout and in traveling at an excessive rate of speed under the circumstances. It was the duty of plaintiff and defendant to proceed slowly and cautiously until their respective automobiles had reached a point where there was no interference with their vision. Had this *121 precaution been taken, there is no doubt that the plaintiff and defendant would have seen each other and the accident would have been avoided. Plaintiff and defendant reached this intersection at approximately the same time, and while the speed of plaintiff’s car was much greater than that of the defendant who, as far as speed was concerned, was proceeding cautiously, the defendant did not keep the proper lookout else he could and would have seen the plaintiff’s car before driving six to eight feet into 'the intersection. It is apparent from the testimony that the defendant was also guilty of negligence in not keeping a. proper lookout and neither should recover.
It is, therefore, ordered that the judgment of the district court be affirmed.