70 So.2d 728 (1954)
THIBODAUX et ux.
v.
WILLET et al.
No. 3792.
Court of Appeal of Louisiana, First Circuit.
January 29, 1954.
Rehearing Denied March 22, 1954.
*729 Chas. C. Jaubert, Lake Charles, for appellant.
King, Anderson & Swift, Lake Charles, for appellee.
LOTTINGER, Judge.
This suit was instituted by petitioner, husband and wife, against defendant, J. O. Willet, and his insurer Liberty Mutual Casualty Insurance Company, for damages resulting from an accident which occurred between a pickup truck driven by Mrs. Thibodaux and a truck and trailer being driven by an employee of defendant Willet. Mr. Thibodaux is suing for damages to his truck and for medical expenses incurred on behalf of his wife. The wife is suing for physical pain and suffering and physical disability resulting from the accident. The lower court held the driver of the petitioner vehicle guilty of contributory negligence and awarded judgment in favor of defendants. The petitioners appeal.
The only eyewitnesses to the accident were the petitioner wife and the driver of the defendant truck, D. H. Stewart. The accident occurred at the intersection of State Highways Numbers 1354 and 211. State Highway No. 211 connects Lake Charles with the Big Lake community *730 which is used by many Lake Charles residents as a summer resort, although there are many residents of the settlement who live there the year around. The testimony discloses that there is considerable traffic the year around on State Highway 211. This highway runs north and south at the scene of the accident of this case.
State Highway 1354 runs east and west and joins Highway 211 on its east border at the scene of the accident. The record shows that Highway 1354 comes to a dead end as it enters Highway 211, but because of an oil field to the west of Highway 211, some oil field traffic has been crossing Highway 211 and continuing to the oil field over what is apparently a cattle pasture. This traffic must pass a cattle guard as it crosses Highway 211, which tends to indicate that this portion of the road is a private one. Both highways are rural roads having a shell and gravel covering.
The accident in question occurred during the daytime and the visibility was excellent. The record shows that there were no obstructions at the intersection which would impair the visibility of either driver. The accident occurred substantially as follows:
On March 28, 1952, at about 1:00 p. m., Mrs. Thibodaux was driving a pickup truck, owned by her husband, in a northerly direction on Highway No. 211. As she approached the intersection of Highways 1354 and 211, she saw the defendant truck and trailer driven by Stewart traveling in a westerly direction on State Highway 1354; that the driver of the defendant truck slowed his truck as he approached Highway 211 and then proceeded to cross said highway with a view of crossing Highway 211 to proceed westward to the oil fields. Mrs. Thibodaux, believing that the defendant driver was stopping to give her the right of way, continued across the intersection, and the vehicles met in the intersection.
The lower court considered the question of contributory negligence of Mrs. Thibodaux, and found her guilty of same. It therefore rendered judgment for defendants and dismissed petitioners' claim.
As is usual in cases of this nature, the evidence is very conflicting. The testimony unquestionably shows, however, that the defendant's vehicle either stopped, or slowed almost to a stop, at the intersection. This is admitted by the defendant driver himself when he testified that, prior to entering the intersection, he shifted from fourth to second gear. To do this he first had to shift from fourth to third gear, and then from third to second gear. The driver's testimony is that second gear is the usual starting gear for a truck of that nature.
The defense makes much of the fact that Mrs. Thibodaux contradicted herself on the witness stand with regard to the question as to whether or not Stewart came to a complete stop just prior to entering the intersection. The evidence shows that Stewart also contradicted himself on this important point. On cross-examination he testified that he came almost to a stop, whereas on rebuttal examination he testified that he slowed down only slightly. Be that as it may, we feel that the defendant did slow down considerably in shifting from fourth to second, or starting, gear and that he came to almost a complete stop just prior to entering the intersection. This conclusion is further fortified by Stewart's testimony as follows:
"Q. Why did you slow down? A. I changed fromstarted changing gears and when I got to the intersection I looked and didn't see anyone and I changed to second gear and I happened to look and saw this pickup about thirty or forty feet but I thought I thought I had plenty of time to make it."
The defendant's own testimony casts negligence upon himself. He first admits that he slowed down for the intersection. Next he admits that he first looked and saw nothing, but then he happened to look and saw the pickup approaching from about 30 or 40 feet from the intersectionbut he thought he had plenty of time to make it. The record shows that *731 Mrs. Thibodaux was driving at from 20 to 25 miles per hour. It further shows that defendant's tractor and trailer together totalled some 50 feet in length. This testimony clearly shows that it was impossible for Stewart to cross the intersection before Mrs. Thibodaux reached it, and shows Stewart to have been grossly negligent in attempting to cross a favored highway in the face of oncoming traffic.
The defense argues that Mrs. Thibodaux was negligent in two respects, viz.: first that defendant entered the intersection first and thus had the right of preemption, and secondly that defendant was approaching from the right, and was therefore given the right of way. By these arguments defendants claim that Mrs. Thibodaux was negligent in not affording defendant the right of way.
The right of preemption is only afforded a party on a less favored street when he can reasonably expect to cross the intersection before the favored party reaches it. It is certainly not given to one who, wantonly and without regard to others, attempts to cross an intersection in the face of oncoming traffic, as was the situation here. For further comment on this score, see McMorris v. Webb, La.App., 67 So.2d 146.
Our law does grant the right of way to the vehicle approaching from the right. However, the record discloses that the defendant driver stopped, or came almost to a stop, which indicated to Mrs. Thibodaux that he had granted her the right of way. That this was the defendant's intention is shown by his testimony that he slowed down for the intersection, and not seeing anyone he proceeded across. There were no obstructions to Stewart's view, and he must be held accountable for not seeing what he should have seen. Then, when defendant did see Mrs. Thibodaux approaching, he incorrectly assumed that he had time to make it, with a truck 50 feet in length.
The evidence discloses that the vehicles met near the center of the intersection. Mrs. Thibodaux testified that the right front end of her truck met the left front end of defendant's truck. The defense claims that the front end of petitioner's truck struck the gasoline tank of the truck at a point about 12 feet from the front end of the defendant's truck. Had the defendant's version been correct, it seems that the entire front end of petitioner's truck, both right and left would have been damaged. Furthermore, it was shown that the right front bumper of petitioner's truck was damaged, whereas it was admitted by defendant's witnesses that the gasoline tank sat rather high off the ground and that it was too high to have come in contact with the bumper on the pickup truck.
Although the petitioner offered no evidence as to damages to the front end of defendant's truck, and the defendant volunteered none, the facts show that the first impact could not have been with the gasoline tank at a point 12 feet from the front of said truck. The damage to petitioner's bumper, which was not as high off the ground as the gasoline tank, as well as the position of the vehicles after the accident substantiate this position.
The position of the vehicles after the accident, as related by defendants' own witnesses, is that the defendant truck was in the intersection facing west, and the front end of the truck was on the extension of the western shoulder of Highway 211, whereas the petitioner's truck came to a rest somewhat diagonally across the highway, facing northwesterly, and against the gasoline tank. These facts show that, even after the defendant's truck came to a rest after the collision, the front end had not completed crossing the intersection, and certainly this heavily loaded truck travelled some few feet after the impact and before coming to a complete stop. Both highways are country roads and, although the evidence does not disclose their width, we assume that they must have been no more than 20 to 24 feet in width. Assuming that the defendant's truck proceeded a few feet after the impact and before coming to a stop, we fail to see how petitioner wife *732 could have struck it some 12 feet from the front end and yet have the front end of defendant's truck come to rest within the intersection.
Lastly, the defendants claim Mrs. Thibodaux to have been contributorily negligent in failing to apply her brakes or turn aside to avoid the collision. From the facts as related by defendants' own witnesses, we fail to see where Mrs. Thibodaux was given an opportunity to avoid the collision. When she was as close as 30 to 40 feet from the intersection she saw the defendant's truck stopped, or almost at a stop, on Highway 1354. Assuming that she had been given the right of way, she continued across the intersection, when defendant's truck abruptly pulled out into her path. We do not believe that she had time either to turn or stop to avoid the accident. We believe that the sole and proximate cause of the accident was due to the negligence of the driver of defendant's vehicle.
The evidence as to amount of damages to the Thibodaux truck is hard to determine. Petitioner claims $400. The evidence shows that petitioner paid $20 to a Mr. Pierre Thibodaux for certain repairs. Petitioner claims that he drove the truck for about two weeks after said repairs were made, but it did not run satisfactorily and so he stopped using it. Mr. Thibodaux claims that it would have cost $400 to $500 to repair the truck, however, there is no evidence whatsoever to substantiate this figure. Also there is no evidence as to what happened to the truck after petitioner stopped using it. Because of lack of evidence on this score, we are unable to award more than $20, the sum expended, as damages to the truck.
The defendants admit that the medical expenses of Mrs. Thibodaux were in the amount of $262.50, the sum claimed, and so the said sum will be awarded Mr. Thibodaux for his wife's medical expenses.
Petitioner, Mrs. Thibodaux, claims $2,000 for pain and suffering and $2,000 disability. The record shows that she visited Dr. Snatic several times after the accident for treatment to her back, which was injured in the accident. Dr. Snatic diagnosed the injury as a mild fascial strain of the muscles in her back. He stated that standing for a long period of time, or undue fatigue, would cause pain, and estimated that she would suffer said attacks of pain for some 12 to 15 months. He testified that he had treated her before the accident, and that she had been a healthy and robust person and seldom complained of pain. He further stated that her continuing to do housework would tend to improve the condition, although it might pain her. The complaints of pain by Mrs. Thibodaux were substantiated by several lay witnesses in addition to Dr. Snatic.
Dr. C. V. Hatchett, an orthopedist, testified in behalf of defendants. He examined Mrs. Thibodaux on one occasion and found no objective symptoms of the injury complained of.
We believe that Mrs. Thibodaux did receive some injury to her back as a result of the accident, although her claim is somewhat exaggerated. The record shows that she was confined to the hospital on two occasions for a total period of four days, and visited her doctor 32 times complaining of pain to her back. The hospital bills are included in the award for medical expenses made above. We believe Mrs. Thibodaux to be justly due the sum of $750 for pain, suffering and disability.
For the reasons assigned, the judgment of the lower court is reversed, and there is hereby judgment in favor of petitioners and against defendants, awarding unto petitioner, Horace Thibodaux, the sum of $282.50 as damages to his car and medical bills incurred as a result of his wife's injuries, and awarding unto Mrs. Horace Thibodaux the sum of $750 for pain, suffering and disability caused as a result of the accident. All costs are to be paid by defendants.
Judgment reversed.