GLADNEY, Judge.
The Yellow Cab Company of Shreveport, Inc., appeals from a judgment for property damage and personal injuries to his minor child, rendered in favor of plaintiff, O J. Lottinger, Jr. After the appeal was lodged in this court appellee has answered the appeal to have the award on behalf of the child increased to $2,500.
This action arises from an automobile collision on May 10, 1953, at the intersection of Vivian and Wallace Streets in Shreveport between a 1950 Buick two-door sedan owned by plaintiff and a taxicab belonging to the defendant. On the date aforesaid about 1:00 o’clock P.M., Lottinger was driving west along Vivian Street and while crossing Wallace Street his automobile was *568 struck by the taxicab proceeding north on Wallace Street. Plaintiff’s automobile was damaged and. his minor child received injuries.
Only two eyewitnesses of the collision testified at the trial, Lottinger and Mrs. Barbara Marlowe.
Lottinger testified he approached the intersection at about 15 miles per hour and slowed his vehicle but did not stop just before entering the intersection. He said he looked for approaching traffic both ways on Wallace Street, and observing none he proceeded into the intersection. He stated his car was approximately eight feet into the- intersection when he first observed the taxicab to his left approaching the intersection upon Wallace Street. He further testified that as soon as he saw there was going to be a collision he applied his brakes and attempted to avoid the accident but despite his efforts in this respect a collision did occur in the northwest quadrant of the intersection. He related his vehicle was struck on the forward end of its left side when it was almost past the center of the intersection.
Mrs. Barbara Marlowe testified she was a passenger in the -taxicab and that prior to entering the intersection the taxicab was being driven at a rate of speed of approximately 30 miles per hour; that when she first observed the Buick automobile, the driver of the taxicab, J. J. Corley, immediately applied his brakes and turned his car toward the left. She repeatedly said that she could not estimate the speed of the Buick until about the moment of collision when they were traveling at about the same speed. She said she did not see the Buick until it was near the center of the intersection and at that time the cab had not reached the intersection.
Vivian arid Wallace Streets are narrow streets on each of which the traveled portion is approximately 17 feet wide. There are no stop signs or traffic lights at the intersection and neither street is designated a right of way street by the Shreveport traffic ordinance. The legal rate of speed at that point is prescribed by the ordinance as being 25 miles per hour. .
Plaintiff charges that defendant’s driver was negligent in operating its automobile at an excessive rate of speed in violation of the traffic ordinance, that he failed to maintain a proper lookout, that he did not have proper control over the automobile he was driving and that he failed to yield the right of way, and did not apply his brakes.
We do not consider it necessary to discuss all of plaintiff’s charges of negligence. The testimony of Mrs. Barbara Marlowe has persuaded us the automobile of plaintiff preempted the intersection, and for this reason it had the right of way and was entitled to proceed across the intersection. Mrs. Marlowe, the only disinterested witness, testified:
“Q. Could you estimate approximately how far the front end of the Buick was when you first saw it? A. At least in the center — maybe a little bit further.
"Q. Was the cab in the intersection at that time? A. No, it was not.”
This testimony shows clearly, we think, that the Lottinger vehicle did enter the intersection substantially in advance of the defendant’s vehicle. In Gauthier v. Fogleman, La.App.1951, 50 So.2d 321, 323, the following rule, amply supported by authorities, was stated:
“ ‘It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles and that, the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent, even though -the car entering the intersection secondly in point of time is being driven on. a right of way street.’ ”
*569 The above principle should .have even stronger application in the instant case because plaintiff had the statutory-right of way. Under LSA-R.S. 32:237 subd. A, Lottinger was accorded the right of way at the intersection, as he was the driver approaching the intersection from the right.
LSA-R.S. 32:237, subd. A provides:
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have.”
The statute has application where travelers on either street have not been given any advantage by ordinance. Lake Charles Stevedores, Inc., v. Streater, La.App., 1942, 6 So.2d 242, 248; Prescott v. Rowland, La.App.1947, 32 So.2d 72; Wilkinson v. Great American Indemnity Company, La.App., 1949, 43 So.2d 22; Schech v. Pittman, La.App., 1951, 51 So.2d 119.
 The defense relies strongly upon its plea of contributory negligence, it being alleged that plaintiff was operating his automobile at an excessive rate of speed, that he failed to maintain a proper lookout and keep his vehicle under proper control, and that he failed to apply his brakes in time or to take other evasive action to avoid the collision. The allegations are without substantiation. The record is bare of evidence that plaintiff operated his automobile at an excessive or illegal rate of speed. Lottinger testified he was not exceeding 15 miles per hour as he approached the intersection. He further testified that before entering the .intersection he slowed his vehicle and looked in both directions before attempting to cross the intersection. . Defense counsel argue that Lottinger testified he did not see the approaching taxicab until he was some six or eight feet into the intersection and declare this indicates plaintiff was not keeping a proper lookout. The southeast corner of the intersection, according to the testimony, was overgrown with a hedge and shrubbery which restricted the ability of drivers approaching from the east and the south to see each other until they reached the intersection. This goes to explain why Mrs. Marlowe did not see the Buick until it was already in the intersection. For this same reason plaintiff could not observe defendant’s vehicle any sooner. We are of the opinion Lottinger maintained a proper lookout. Neither is there any merit in defendant’s contention that Lot-tinger did not timely apply his brakes or take any steps to avoid the collision. The evidence does not sustain this charge. LottingeFs tmcontradicted testimony refutes this charge. We conclude, therefore, that there is no merit in the plea of contributory negligence.
By answer to the appeal, plaintiff has asked that the award .for injuries to his minor son, O. J. Lottinger, III, be increased from $100, as allowed by the court, to $2,500. The only witnesses to testify as to the nature of and extent of the personal injuries were plaintiff and his wife. From this testimony it appears that the boy, a child of five years of age, suffered a cut lip and bruises which were mostly of a superficial nature. No bones were affected and the most severe injury suffered was that to the lip, which appears to have healed normally. The child was sore for about a week and experienced but little pain and discomfort. The amount awarded by the trial court does not appear to be inadequate.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.