86 So.2d 255 (1956)
Murray BRASHEARS
v.
Lawrence TYSON et al.
No. 4170.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
Iddo Pittman, Jr., Hammond, for appellant.
Reid & Reid, Hammond, for appellees.
ELLIS, Judge.
This cause arose from an intersectional accident which occurred in Hammond, Louisiana, on March 13, 1954, at about *256 9:45 P.M. at Southeast Railroad Avenue and East Hansen Avenue in the City of Hammond. The plaintiff's car was being driven by his wife and was proceeding south on the first mentioned Avenue, while the defendant's car, driven by him, was traveling west on East Hansen Avenue. At the intersection there is neither stop lights nor stop signs, and the night upon which the collision occurred was clear and the street was lighted.
The suit was brought against the defendant and his insurer, both of whom answered, denying any liability, and there was a reconvention for the damage to the defendant's automobile, wherein it was alleged the accident was caused solely through the negligence of the driver of the plaintiff's car. Contributory negligence was plead in the alternative.
The court below rendered judgment in favor of plaintiff and against the defendants in the amount of $234.47, disallowing the reconventional demand. From this judgment the defendants have appealed.
Neither street forming the intersection was a right of way street and there are no signals or stop signs of any character. At such an intersection, under Louisiana Revised Statutes 32:237, subd. A, LSA, the automobile approaching from the right shall have the right of way. The testimony is clear that plaintiff's car was traveling south and that the defendant was traveling west. Consequently plaintiff's wife had the right of way at this intersection if the two vehicles approached or entered it at approximately the same time. We expressed and discussed this rule of law in Thibodaux v. Willett, La.App., 70 So.2d 728. Also see Sampey v. Martin, La. App., 80 So.2d 551.
Under the Statute cited it has been repeatedly held that the driver of an automobile who has the right of way at an intersection under the provisions of the Statute may assume that a motorist approaching from his left will respect this right of way. See Hochenedell v. Heard, La. App., 188 So. 413; Meredith v. Arkansas-Louisiana Gas Co., La.App., 185 So. 498.
The defendant upon cross examination admitted that he was approaching the intersection and that there was a blind corner on his right, since a building is almost flush with the corner; that he failed to come to a complete stop but proceeded into the intersection, where he first observed the other car; that he could not see whether or not there was any traffic approaching from his right until he had passed the building on his right, which obstructed his view. He further testified that it was not necessary for him to stop as there were no stop signs. The plaintiff's wife and a passenger in his car testified that the defendant not only failed to stop but came into the intersection at a rather high rate of speed. Both of these last witnesses evidenced that plaintiff's car was about in the middle of the intersection when she saw the defendant's automobile coming toward her; and that she had already entered the intersection before the defendant came into it. The accident report and the testimony of other witnesses show the defendant's car hit the side of the plaintiff's vehicle. The plaintiff, who reached the scene of the accident before the vehicles were removed, shows that his car was south of the center line of the road and close to the southwest corner of the intersection. His wife, who was driving, and whose testimony was corroborated by the passenger, is to the effect that she had already passed the middle of the intersection at the time of the impact. From all of the testimony it seems that plaintiff's car had already pre-empted the intersection at the time of the accident. The defendant himself admitted that he was traveling at approximately 25 miles per hour and that he did not stop but entered the intersection, and the damage done to plaintiff's vehicle seemed to show it was struck with quite a lot of force as it was turned from its path by the impact. No one has contradicted the speed of the plaintiff's vehicle, which was estimated at approximately 25 miles per hour. All of the facts, together with *257 the evidence that the defendant's view was obstructed by a building and still he did not stop to observe traffic, leads to the conclusion that the accident occurred solely through defendant's negligence. He stated he could not see approaching traffic because of the building which blinded his view. The defense produced no witnesses other than the defendant himself although it appears that there was a passenger riding with him.
The defendants in their reconventional demand alleged excessive speed on the part of the driver of plaintiff's car, but her contention that she was driving between 20 and 25 miles per hour and the corroboration of her passenger are the only evidence, and it has been held that a speed of 25 miles per hour on a right of way street is not excessive, and an ordinance of the City of Hammond sets this speed at 25 miles per hour. See Pender v. Bonfanti, La.App., 13 So.2d 105. There we held that such a speed was not excessive and that the driver on a right of way street had the right to assume that a driver entering from the left would stop, look and listen for approaching traffic.
The defendants urge that the defendant driver entered the intersection at the same time as the car of the plaintiff or even a little ahead. Although the evidence does not substantiate this claim our attention is called to the case of Velasquez v. Murray-Brooks, Inc., La.App., 68 So.2d 681. There it was stated that the mere fact that a motorist traveling on a less favored street is able to enter an intersection ahead of a vehicle on a right of way thoroughfare is no indication that he has pre-empted the intersection and is entitled to the right of way. In Porter v. DeBoisblanc, La.App., 64 So.2d 864, the legal duty imposed upon a driver entering an intersection from a less favored street is set forth. If such a driver stops he has not completed the legal duty required, but this act must be followed by a careful examination of traffic on the favored street, and he should not enter the intersection unless he is certain he can do so without causing damage.
The defendant, however, mainly relies upon his plea of contributory negligence, and contends that the present case is similar to and should be governed by the same rule as laid down in Schech v. Pittman, La.App., 51 So.2d 119, and other cases with similar facts. In the present case the lower court evidently believed the testimony of Mrs. Brashears to the effect that defendant was not keeping a proper lookout in that he was a sufficient distance from the intersection when Mrs. Brashears observed him to have stopped his car and honored her preemption, whereas in the case cited the vehicles reached the intersection at approximately the same time and the defendant could have observed the excessive speed of the plaintiff and the absolute certainty of his being struck if he proceeded into the intersection.
We cannot see that the Lower Court was guilty of manifest error in this case and it is accordingly affirmed.