TATE, Judge.
George Dailey and his wife brought suit for damages sustained in an intersectional collision of noon on November 28, 1953. They were riding in their 1931 Model A Ford, with the husband driving. Named defendant was the liability insurer of a 2-ton 1953 International milk van truck driven by Clarence Doyle.
This appeal is from the judgment of the District Court dismissing plaintiffs’ suit on the ground that the sole proximate cause of the accident was Dailey’s negligence and lack of lookout in entering a street upon which defendant’s driver Doyle was approaching with the right of way.
The scene of this accident was the intersection of First Avenue, a boulevard, and Fifth Street, within the City of Lake Charles.
Dailey was driving east on Fifth Street. His testimony is that he stopped at a stop sign inhibiting his entrance into the western two-lane roadway of First Avenue, which is reserved for southbound traffic, to let a car turn into Fifth Street. As he paused, he saw defendant’s truck turn right (or northward) from Sixth Street, one block away, into the far (or eastern) two lanes of First Avenue, which are reserved for northbound traffic. Proceeding slowly in first gear, he crept across the 20-foot western roadway of First Avenue, across the 51-foot neutral ground, and was approximately in the center of the 20-foot eastern roadway when his wife yelled to watch out for the truck, immediately following which the collision occurred.
His explanation for failing to anticipate the truck’s approach was “I forgot about him. He was way down the block” when he had first observed him. (Tr-29.) “I didn’t dream of him being right on me. * * * He must have been coming a terrible speed.” (Tr-32.) Dailey was completely blind in his right eye.
The driver of defendant’s truck testified that he was driving slowly down First Avenue in his own lane; that he observed Dailey’s car coming across the other side of the boulevard and the neutral ground slowly; that he assumed that Dailey would stop before entering the roadway upon which his truck was proceeding because of Dailey’s slow speed and his own right of way; that as soon as Dailey entered his own roadway, and he realized that Dailey’s vehicle was not going to stop, he swerved towards his right, while Dailey swerved simultaneously toward his own left just before the impact. The left front of defendant’s truck collided with the right rear of Dailey’s car.
Irrespective of plaintiffs’ contentions that defendant’s vehicle did not have the right of way because of the stop sign inhibiting entrance onto First Avenue since no statutory authorization for erection of same was shown, or just because as shown by the evidence First Avenue was customarily known as the main thoroughfare over side streets such as Fifth Street, nevertheless, undoubtedly defendant’s truck, coming from the right of plaintiff’s car, had the statutory right of way under a municipal ordinance of the City of Lake Charles introduced in evidence, similar to LSA-R.S. 32:237, subd. A, see Gautreaux v. Southern Farm Bureau Casualty Company, La.App. 1 Cir., 83 So.2d 667.
The record supports the District Court’s conclusion that the sole proximate cause of the accident was the negligent entry of Dailey upon the right of way street in the path of oncoming traffic, and his complete lack of lookout in approaching towards and entering into the intersection. Brashears v. Tyson, La.App. 1 Cir., 86 So.2d 255, and Bahry v. Folse, La.App. 1 Cir., 83 So.2d 912.
We believe as did the District Court, that the physical facts of the slight dam *487 age to both vehicles resulting from the impact and the relatively slight further movement of both vehicles after said impact, corroborate defendant’s driver’s testimony that prior to the accident he was proceeding at a reasonable speed. From this driver’s testimony that he entered First Avenue from the opposite side than the entrance of the truck observed by Dailey, and from Seventh Street, it is entirely possible that Dailey failed entirely to observe defendant’s truck approaching as he paused at the corner of Fifth Street before entering the farther lane of First Avenue, where allegedly he saw some truck turning from Sixth Street into First Avenue. (Dailey’s initial pause to let another car turn and then slow pace across approximately 80 feet of the traffic lanes and the neutral ground of First Avenue does not, of course, negative the reasonable speed of a truck turning into First Avenue from Sixth Street one block, or 400 feet, away during Dailey’s approach.)
Because the physical facts indicate that the impact occurred mid-center of the eastern two-lane roadway of the boulevard, indicating that Dailey’s car had crossed more than half of the intersection in question, counsel for plaintiff ably urges that Dailey is entitled to recover, as preempting the intersection from the insurer of the truck; or that at the very least his wife, a passenger, is entitled to recover since defendant’s driver was at least con-tributorily negligent in crashing into him when he had preempted the intersection.
Cases such as Rogillio v. Parent, La.App. 1 Cir., 75 So.2d 410, and Seamons v. Aetna Casualty & Surety Co., La.App. 1 Cir., 62 So.2d 856, relied upon by plaintiffs, are factually distinguished: the oncoming drivers on the superior thoroughfare were sufficiently distant at the time of the inferior driver’s entry that an accident would not have occurred but for the excessive speed of the superior motorists therein. Thibodaux v. Willet, La.App. 1 Cir., 70 So.2d 728, is also factually inapposite, since the superior driver therein by slowing almost to a complete stop had yielded the right of way to the approaching inferior motorist who then entered the intersection in reliance upon such yielding.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.