The cause of action herein alleged upon arose from an intersectional collision between plaintiff's car and defendant's one-half ton truck in the City of Alexandria, Louisiana, in the day time. Plaintiff was driving his car easterly on Fourth Street and defendant's truck, then being driven by his agent, a Negro man named Oscar Scott, was going northerly on Beauregard Street, when the collision occurred.
By ordinance of the City of Alexandria, traffic on Fourth Street has right-of-way over that on the intersecting streets, including Beauregard. Suspended above the intersection is a blinker light designed to impress upon motorists, as they approach the intersection, the wisdom of acting cautiously before entering it. There are also painted on the curbs at the intersection, in large letters, stop signs for the information and guidance of motorists entering it from Beauregard Street.
Plaintiff alleged that defendant's driver approached the intersection at a rate of speed in excess of that authorized by law and entered thereon without bringing the truck to a stop as the City law requires; that he was not maintaining a proper lookout for traffic on the right-of-way street and, therefore, failed to accord to plaintiff the superior right that the law gave him; that because of the truck driver's negligence in these respects, the accident occurred.
Defendant denies the acts of negligence accredited to his driver and, in the alternative, pleads that plaintiff's own negligence contributed to the accident to an extent sufficient to bar recovery by him, and such negligence is specially pleaded. Amplifying this plea, it is alleged that plaintiff himself was not maintaining a proper lookout for traffic approaching the intersection on Beauregard Street and that had he done so he would and could have seen the truck in ample time to stop his car before colliding with it.
Plaintiff was not injured in the accident. He sued for cost of repairing his car and was given judgment therefor. Defendant appealed.
The case tenders for decision but one issue and that relates to the plea of contributory negligence. It is clearly shown, in fact is not now seriously denied, that defendant's driver was traveling at a speed in excess of the limit fixed by ordinance of the City and did not stop his vehicle nor even reduce its speed prior to attempting to negotiate the intersection.
Plaintiff, as he approached the intersection, reduced his car's speed to approximately 15 miles per hour. He observed the truck to his right on Beauregard Street, 75 feet or more away, moving at a speed he estimated to be 45 miles per hour. Knowing that he had the right-of-way and that the intersection was well marked to inform the other driver of his superior right in this respect, and assuming that this superior *Page 855 
right would be respected, he did not keep his eyes continuously glued upon the truck's movements. The front end of his car collided with the forward left side of the truck, which veered to its right, continued forward upon and over the curb and sidewalk, and finally rested against a building on the north side of Fourth Street.
[1] It may be conceded, without affecting the outcome of the case, that by the exercise of a superlative degree of care by plaintiff the accident would and could have been averted. But, under the circumstances, was he required to do this? We do not think so. If, in such circumstances, a motorist should be required to bring his vehicle to a stop or reduce its speed to a snail-like pace at every intersection and await the action of motorists on less favored streets, the advantages the law intends to accord would, in a large measure, be lost. The right-of-way would not be such in reality. In cities where traffic is heavy and continuous on less favored streets, a motorist on a right-of-way street, if so required, would find himself greatly annoyed because of the constant shifting of gears and change in the rate of speed of his own vehicle although driving within the law. The purpose of the law, in such circumstances, would not be accomplished; traffic movements would be hindered rather than promoted thereby.
[2, 3] In this state, contrary to many other states, the rule of comparative negligence is not recognized; in fact, it is positively banned by the decisions of the Supreme Court. But, in a measure, by indirection, we have such a rule. It is found in the doctrine of proximate cause. The negligence of two persons may produce an accident yet the Court will investigate to determine the proximate cause thereof in order to fix liability as between the parties. This is well illustrated in the present case. Granting that plaintiff was not as careful as it was possible for him to have been before attempting to cross the intersection, his fault in this respect, it is clear, was not a or the proximate cause of the collision that followed. The sole proximate cause of the accident was the driver's action in violating laws of the City enacted to protect from injury persons who elect to or from necessity, drive upon certain of its streets. But for this non-observance of the law, the accident would not have happened.
[4] Authorities need not be cited to substantiate the principle, well fixed by the jurisprudence of this state, that the violation of a traffic law constitutes negligence per se. Such negligence, however, is not actionable unless it is shown to have been the or a proximate cause of the accident out of which the suit arose and so we hold in this case.
[5] Appellant argues that the judgment is erroneous and should be reversed on the theory that the drivers, at most, were equally negligent. His counsel cites to support this proposition the following cases recently decided by this court, to wit: Wyche v. Brian, La. App., 28 So.2d 143; Dickinson v. Hammett, La. App., 30 So.2d 152.
When closely studied, the factors that differentiate these cases from the present one are quite clear. In fact, these cases represent exceptions to the general rule that governs intersectional collisions where one motorist has right-of-way over the other. In each of said cases both drivers heedlessly drove into the intersection without having observed the other until an instant prior to the collision, and in each case there was not present any obstruction to the respective lines of vision that could have prevented either motorist from seeing the other in time to avert the collision, had he exercised ordinary care. In the Dickinson case there were no stop signs or signals at or about the intersection, although one of the streets involved had been declared a right-of-way street by the City of Ruston. In the Wyche case, the defendant, on Wilkinson, the less favored street, did stop, as was his duty, before trying to cross Creswell, a right-of-way street, but he did not observe plaintiff on Creswell coming toward him not far away; nor did plaintiff see the defendant until an instant before the cars collided near the center of the intersection.
We are of the opinion that the lower court correctly decided the case and, for the reasons herein assigned, the judgment from which appealed is affirmed with costs.
KENNON, J., absent. *Page 856