REGAN, Judge.
Plaintiffs, Frank Stovall and his wife, Artealia Stovall, a guest passenger in an automobile owned and operated by Joshua Washington, instituted this suit against the defendants, Joshua Washington, Joseph LaMarca and the latter’s insurer, the General Insurance Corporation of Fort Worth, endeavoring to recover the sum of $13,-186.50, representing damages for the personal injuries suffered by Artealia Stovall and for expenses incidental thereto incurred by Stovall as the result of an accident which occurred in the intersection of Napoleon and S. Claiborne Avenues in the City of New Orleans on May 21, 1953, at about 5:00 p. m., when Washington’s automobile collided with the vehicle owned by Joseph LaMarca, which was operated by his minor daughter, Lorraine La-Marca.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened claiming the sum of $130.-50 for medical services rendered to Ar-tealia Stovall in consequence of this accident.
Defendant Washington answered and admitted the occurrence of the accident, but denied liability therefor.
Defendants, Joseph LaMarca and his insurer, answered and denied that Lorraine LaMarca was guilty of any negligence in the premises and, in the alternative, pleaded the independent contributory negligence of Artealia Stovall in that she was an occupant of the automobile of Joshua Washington, which was moving at an excessive *484 .rate of speed and entered the intersection against the red semaphore signal light and drove directly, into the path of the LaMarca vehicle, both of which she could or should have seen in sufficient time to caution Washington had she been maintaining a careful lookout.
There was judgment in the lower court against defendant Joshua Washington and in favor of Artealia Stovall, Frank Stovall and the Board of Administrators of the Charity Hospital of Louisiana at New Orleans, intervenor, in the respective sums of $7,500, $106 and $130.50 together with 10% attorney’s fees on the latter sum. There was further judgment in favor of defendants, Joseph LaMarca and the General Insurance Corporation of Fort Worth and against the plaintiffs, Artealia and Frank Stovall and the intervenor, Board of Administrators of the Charity Hospital of Louisiana at New Orleans, dismissing their suits. Plaintiffs have prosecuted this appeal from that part of the judgment dismissing their suit against Joseph LaMarca and the General Accident Corporation of Fort Worth.
Joshua Washington did not prosecute an appeal from the unfavorable judgment which was rendered against him.
The record reveals relatively simple facts. The defendant, Joshua Washington, was operating his automobile in the inbound roadway of S. Claiborne Avenue moving at a speed of between thirty and forty miles per hour in the general direction of Canal Street when he became involved in an accident in the intersection of Claiborne and Napoleon Avenue with an automobile operated by Lorraine La-Marca, who was driving in the center traffic lane of Napoleon Avenue in the general direction of Lake Pontchartrain. Plaintiff, Artealia Stovall, a guest passenger in the vehicle operated by Washington was sleeping when the accident occurred and was thrown from the car into the roadway as a result of the collision and suffered multiple injuries.
There is conflicting testimony in the record as to whether Washington crossed the uptown river intersection of Claibbrne and Napoleon Avenues on an amber or a red semaphore signal light, but a careful examination of the record leads us to the inevitable conclusion that he entered that intersection when the semaphore signal light regulating traffic in Claiborne Avenue was red.
Lorraine LaMarca had stopped at the intersection in obedience to an unfavorable semaphore signal light regulating traffic moving in Napoleon Avenue. Her vehicle, as we said, occupied the center lane of Napoleon Avenue and a truck was on her left in the lane nearest the neutral ground. The truck completely obstructed her vision to the left and, therefore, made it impossible for her to observe traffic emanating therefrom and moving in a downtown direction in S. Claiborne Avenue. The truck and the LaMarca vehicle remained stationary until the traffic light changed to green which invited them to proceed; they drove into the Claiborne Avenue roadway simultaneously, the truck suddenly stopped and the LaMarca automobile moved about a foot or two beyond the front of the truck when it collided with the Washington automobile which, as we have related, was traveling at a fast rate of speed and which entered the intersection on a red traffic semaphore signal light.
The most credible and disinterested witnesses who appeared at the trial hereof confirmed the foregoing facts.
The record unequivocally substantiates the conclusion that the defendant, Joshua Washington, was guilty of negligence in entering the intersection on an unfavorable or red traffic signal light, therefore, the only question posed for our consideration by virtue of the foregoing factual revelation is whether Lorraine LaMarca was guilty of contributory negligence in entering the intersection a second or two after the semaphore signal light changed to green when her vision to her left was obstructed by the truck.
We have expressed the opinion on several other occasions that it is not en-cumbent upon a motorist placed in the pos *485 ition in which Lorraine LaMarca found herself to stop her vehicle and to peer cautiously around a visual obstruction to ascertain whether or not motorists proceeding in an intersecting roadway would obey an unfavorable traffic signal light.
In the case of Lewis v. Groetsch, La. App., 32 So.2d 396, 399, which, in our opinion, is quite analogous, the plaintiff’s vehicle was struck by the defendants’ truck as plaintiff attempted to cross the intersection of Louisiana and St. Charles Avenues. There was a semaphore signal light in plaintiff’s favor, but his view into Louisiana Avenue was obstructed by a stationary trolley car. Defendants pleaded the contributory negligence of plaintiff in that plaintiff failed to keep a proper lookout and blindly entered the intersection when his vision was thus obscured. In rendering judgment for plaintiff this court took full cognizance of the rule prohibiting a motorist from entering an intersection blindly, even though the semaphore signal light was in his favor, but qualified that rule with the following reason:
“Still, in view of the positive testimony found in the record, we must conclude * * * that when Lewis (plaintiff) entered the intersection the light facing him had been green for a reasonable time. If so, then the truck must have entered after the light facing it had turned to red, and it fol- . lows that there had elapsed a sufficient time for the clearance of the crossing by any vehicle which may have entered it on a favorable light. It follows also that since plaintiff’s view was obstructed, he was not at fault in failing to see that the truck was about to dash across in front of him. In entering the intersection at a reasonable speed several seconds after the light had become favorable, plaintiff did all that the dictates of prudence required of him.”
In reaching this conclusion we rationalized thus:
“We think that if between the time in which the light became favorable to plaintiff and the time at which he entered the intersection there had elapsed sufficient time for the complete clearing of the crossing by any vehicle which may have been Caught in the intersection by the changing light, 'then Lewis was justified in assuming that there was no other car in the intersection because there was no reason for him to anticipate that some other driver would enter the intersection after the light had changed to red. Had the streetcar not blocked plaintiff’s vision to his left, it is possible that we would feel that he should have noticed the truck even though it may have entered in the face of an 'tinfa-vorable light, but since his view was blocked his failure to see the on-coming truck was not negligence on his part.”
In Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294, the Supreme Court reasoned:
“It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law. But it also can not be disputed that under the traffic light system a motorist, who is proceeding on a proper signal, should not be held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed and he is not, required to anticipate that pedestrians or other motorists will, in violation of law, enter a crossing on a wrong signal. The danger at such crossing is less than, if there were no such signals and therefore less care is exacted.”
In our opinion the evidence contained in the record overwhelmingly preponder *486 ates in favor of Lorraine LaMarca to the effect that she entered the intersection on a favorable light at a reasonable starting speed one or two seconds after the light had turned to green and that the proximate cause of the accident was Joshua Washington’s negligent entrance into the intersection in violation of an unfavorable semaphore signal at an excessive rate of speed.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.