AYRES, Judge.
Plaintiff instituted this action to recover damages to his automobile sustained in an intersectional collision with an automobile owned by Mrs. H. G. Peniston and insured by the defendant. Defendant reconvened for damages sustained by the Peniston car. The trial court found both motorists guilty of negligence and dismissed the demands of both plaintiff and defendant. From the judgment thus rendered and signed, plaintiff devolutively appealed to this court.
The accident occurred at the intersection of Sixth and Peck Streets in the Town of Sicily Island in Concordia Parish, Louisiana, about 8:15 A.M. December 3, 1954. Plaintiff was proceeding in a southerly direction along Sixth Street when his car collided with the automobile of Mrs. Peni-ston in the intersection with Peck Street. Both streets were narrow graveled streets. The evidence discloses that the northeast corner of the intersection was overgrown with bushes • and shrubs which- kept the motorists from clearly seeing each other as they approached 'the intersection. Mrs. Peniston had proceeded east on Peck Street and, after crossing Sixth Street, she' found her passage' blocked by a ditch across Peck Street, whereupon it was' necessary that *437 she back her car to the aforesaid intersection. During this maneuver, while she was keeping a lookout through the rear car window, the collision occurred.
The judgment was predicated upon the finding by our learned brother of the district court that plaintiff was negligent in driving at an excessive rate of speed and in not properly observing the street intersection, and that Mrs. Peniston was negligent in not keeping a proper lookout when backing out of Peck Street into its intersection with Sixth Street. This finding presents the issues for resolution on this appeal.
Sole witnesses were the two motorists and State Trooper R. C. McGuffee. There is no proof in the record that plaintiff was driving at a speed in excess of 25 miles per hour. Plaintiff testified he was observant and first saw the Peniston car as it emerged from behind the hedge or bushes at the northeást comer of the intersection, when he, plaintiff, was only 35 to 40 feet distant, whereupon he, although promptly applying his brakes, was unable to stop his car before striking the Peniston car. Plaintiff’s car, therefore, skidded into and collided with the Peniston car near the center of the intersection. The front end of plaintiff’s car struck the left side of the other car.
Mrs. Peniston testified that she was looking out the back window of her car as she backed her car westward on Peck Street towards the intersection with Sixth Street; that she wasn’t conscious of the fact that she had en.tered the intersection until the" very moment of the impact of the collision, and that prior to the collision she had not seen or observed plaintiff’s automobile. The highway patrolman testified that the length of skid marks of plaintiff’s automobile was consistent with the speed of 25 miles per. hour. There was no showing of a preemption '¿f the intersection by either auto-, mobile. The position of the cars in the street at .the time and. at the point of the impact, which occurred near the center of the intersection, negatives this question.
However, under the established facts of this case, plaintiff had the right of way. He approached the intersection from Mrs. Peniston’s right as she approached and entered the intersection. LSA-R.S. 32:237, in part, provides:
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way.”
From our appreciation of the facts as disclosed by the record, we are of the opinion that it has not been established that plaintiff was speeding, but, on the contrary that his speed was moderate and not shown to be in violation of any statute or ordinance and, moreover, that he was maintaining a proper lookout. The sole and proximate cause of the accident was the failure of Mrs. Peniston to properly observe the intersection and respect the right of way of plaintiff. Mrs. Peniston in her own testimony admits as much.
It, therefore, necessarily follows that the defendant should respond in damages to plaintiff for ‘the damages occasioned in the accident to plaintiff’s car, the amount and extent of which was stipulated by the parties, and that defendant’s reconventional demand was properly rejected.
Accordingly, the judgment appealed, so far as rejecting plaintiff’s demands, is annulled, avoided, reversed and .set aside, and it is now ordered, adjudged and decreed there be judgment in favor of plaintiff, Ralph P. Turner, against the defendant, Southern Farm Bureau Casualty Insurance Company, for the full sum of $359.-23, with legal interest-thereon frqip judicial demand until paid, and for all costs, including the cost-of this appeal; otherwise, the judgment appealed is affirmed. .. .. ■
Reversed in part aijd rendere^i; otherwise,' affirmed. . ‘'