96 So.2d 844 (1957)
Johnnie STEVENS
v.
Mrs. Mary Rogers DELANOIX and Delta Fire & Casualty Co.
No. 4467.
Court of Appeal of Louisiana, First Circuit.
June 28, 1957.
Rehearing Denied September 23, 1957.
Cadwallader & Dameron, Baton Rouge, for appellant.
*845 Watson Blanche Fridge Wilson Posner & Thibaut and David N. Robinson, Baton Rouge, for appellee.
ELLIS, Judge.
This is an action for property damages to plaintiff's automobile sustained when plaintiff's car was involved in an intersectional collision with one owned by the defendant and insured against liability by the co-defendant. The District Court dismissed the suit and plaintiff has appealed.
This collision occurred at the intersection of East Harrison Street and Carolina Street in the City of Baton Rouge. Plaintiff's car was being driven west on East Harrison Street and defendant's car was traveling north on Carolina Street. The right front of the defendant's car struck the left front of the plaintiff's automobile. There was a stop sign on the west side of Carolina Street facing north, which is to bring traffic which is traveling south on Carolina Street to a stop at Harrison Street. It seems there was formerly a stop sign on the east side of Carolina Street facing south to also bring traffic going north to a stop before entering the intersection. At the time of the accident this last stop sign was not there. There was some evidence to the effect that East Harrison Street had been designated by the City of Baton Rouge as a favored or right-of-way street but no certified copy of the ordinance or other sufficient proof to this effect was introduced, and the courts do not take judicial cognizance of municipal ordinances. However, under the Louisiana Highway Regulatory Act the plaintiff's automobile clearly had a directional right-of-way even if no favored thoroughfare was proven since it was approaching the intersection from the right. See LSA-R.S. 32:237, subd. A and Schech v. Pittman, La.App., 51 So.2d 119.
Carolina Street, along which the defendant's car was traveling is 22 feet in width and East Harrison Street, on which the plaintiff's car approached the intersection, is approximately 18 feet in width and neither street widens at their intersection. The point of impact of the automobiles occurred 14 feet from the east margin of the intersection and 8 feet from its west margin, and 12 feet from the south margin of the intersection, or 6 feet from its north margin. Although the plaintiff's testimony as to the exact point of impact is somewhat misleading the exact spot was proven by two officers of the Baton Rouge City Police who investigated the accident shortly after its occurrence.
On the southeast corner of the intersection is located a grocery store which is close to both streets and this building obstructs the view of traffic approaching the intersection from the south headed north on Carolina Street and traffic approaching the intersection from the east headed west on East Harrison Street.
The driver of the defendant's automobile, Mrs. Delanoix, which was headed north on Carolina Street, testified she was traveling about 25 miles per hour as she approached the intersection but she did not remember whether she attempted to slow her speed as she entered it. She admitted she was about two car lengths from the point of impact before she saw the plaintiff's car and that she could not see it sooner because of the obstruction caused by the building on the southeast corner. She did finally testify that she applied her brakes when she was about one car length and a half from the plaintiff's automobile. A passenger in this automobile stated it was traveling from 20 to 25 miles per hour approaching the intersection and that the car entered it at about 20 miles per hour. A witness, standing on the street, who saw the accident, stated this car was traveling too fast to stop and avoid striking the plaintiff's vehicle.
Clearly the driver of the defendant's car was guilty of negligence, which was a proximate cause of the accident, when she entered the intersection without stopping *846 and without observing the oncoming favored traffic. She was under a legal duty to stop and she had the opportunity to avoid the collision had she exercised the slightest care. There is no contention that she was not negligent, but the defendants urge the driver of the plaintiff's car was guilty of contributory negligence which was a proximate cause of the collision.
Alvin Wilson, the driver of the plaintiff's automobile, testified he was approaching the intersection at about 10 to 15 miles per hour but that he slowed to 5 to 7 miles per hour as he entered it. Further, that he looked to the right or north and saw no vehicles approaching and also looked to his left but could not see if any vehicles were approaching from the south since the grocery building on the southeast corner of the intersection obstructed his view; that as soon as he had entered the intersection he looked again to his left and saw the defendant's car coming toward him at a speed which he estimated to be about 35 to 40 miles per hour; that he applied his brakes and swung his automobile to the right in an attempt to avoid the collision but that the right front of the defendant's car struck plaintiff's car on its left front side. This driver stated positively he knew he was on a right-of-way street.
The lower Court concluded the driver of the plaintiff's car was guilty of contributory negligence. We find no showing in the record that after this driver saw and realized or after he should have seen and realized, that the driver of the defendant's vehicle was not going to stop at the intersection but proceed into it without notice of oncoming traffic on the favored street, that he had time or opportunity to do anything effective to prevent the accident.
The case of White v. Travelers Insurance Co., La.App., 94 So.2d 564, 565, discusses the degree of care with which a driver upon a favored street is charged. A traffic light system was in operation at the intersection involved in the White case but the degree of care, in our opinion, required of the respective drivers on favored and unfavored streets is the same whether traffic at the intersection be directed according to signal lights or designated as favored and unfavored streets by Statute. The White case says:
"There is no showing after plaintiff saw and realized, or after he should have seen and realized that defendant's truck was not going to stop at the intersection so as to comply with the red signal light, he had time and opportunity to make an effort to do anything effective, such as applying his brakes, swerving his vehicle and taking another course in order to prevent the accident. Under the traffic light system a motorist proceeding on a proper signal should not be held to the same degree of care as if no such system prevailed but he is entitled to assume that the signals are understood and will be observed, and he is not required to anticipate that other motorists or pedestrians will, in violation of law, enter an intersection on an unfavorable signal. This principle is predicated on the proposition that the danger at such intersections is less than if there were no such signals and, there being less danger, less care is exacted.
"Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Niagra Fire Ins. Co. v. Schouest, La.App., 58 So.2d 739; Clark v. DeBeer, La.App., 188 So. 517, 520; Roll Osborne & Sons, Inc. v. Howatt, La.App., 167 So. 466, 469; Buckley v. Featherstone Garage, Inc., 11 La.App. 564, 123 So. 446, 450.
"Under the circumstances of this case, plaintiff, therefore, was not bound to anticipate the negligence of defendant's driver in proceeding into the intersection against an unfavorable signal light. The importance of the observance by motorists of the rules and regulations pertaining to motor vehicular traffic in the interest of safety was emphasized by the Supreme Court in Kientz v. Charles Dennery, Inc., supra. *847 in quoting from a dissenting opinion of the Court of Appeal in the same case, where it was stated:
"`We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others. Hence, in gauging the fault which is attributed to one, who was operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.' 17 So.2d XXX-XXX-XXX."
In Mason v. Price, La.App., 32 So.2d 853, 855, the rule is expressed as follows:
"It may be conceded, without affecting the outcome of the case, that by the exercise of a superlative degree of care by plaintiff the accident would and could have been averted. But, under the circumstances, was he required to do this? We do not think so. If, in such circumstances, a motorist should be required to bring his vehicle to a stop or reduce its speed to a snail-like pace at every intersection and await the action of motorists on less favored streets, the advantages the law intends to accord would, in a large measure, be lost. The right-of-way would not be such in reality. In cities where traffic is heavy and continuous on less favored streets, a motorist on a right-of-way street, if so required, would find himself greatly annoyed because of the constant shifting of gears and change in the rate of speed of his own vehicle although driving within the law. The purpose of the law, in such circumstances, would not be accomplished; traffic movements would be hindered rather than promoted thereby."
This rule is applicable even though the view of the intersection is obstructed. In Ehtor v. Parish, La.App., 86 So.2d 543, 546, a "blind corner" was the scene of an intersectional collision and therein it was stated "that a driver on a right-of-way thoroughfare has the right to entertain a belief that motroists on intersecting streets and roads will comply with the law and will not enter on the superior thoroughfare in his path, especially when he knows that a stop sign inhibits entrance from the inferior street."
A similar intersectional collision case is found in Gutreaux v. Southern Farm Bureau Casualty Co., La.App., 83 So.2d 667, 669, wherein the law is reviewed as it pertains to intersectional collisions when one of the motorists has a directional right-of-way. We said:
"In the present instance, Mrs. Barrow's negligence was undoubtedly a proximate cause of the accident when she entered the intersection when (as found the District Court) the Gautreaux vehicle was so close to the intersection, whether she stopped at the stopsign or not. However, Gautreaux was under no duty (even if maintaining an adequate lookout) to expect her to proceed into the intersection if she had stopped or was slowing for the stopsign. But, further, if Gautreaux was approaching at a speed of 20 mph (i. e., 29 per second) as he informed the investigating officers immediately after the accident and testified at the trial, while Mrs. Barrow as she claimed was crossing said intersection at a speed of 15-20 mph (i. e., 21.9'-29' per second), it does not appear to us even if Gautreaux observed Mrs. Barrow failing to stop at the stopsign, that he had thus far having proceeded free of negligence and under no duty up until that time to anticipate the inferior motorist's *848 failure to observe her legal duty to stopphysical opportunity to avoid the collision. It is to be remembered that Mrs. Barrow's entry and crossing to the intersection occurred within 1 to 1½ seconds. Thus the sole proximate cause of the accident was Mrs. Barrow's negligent entry onto the main thoroughfare in the face of oncoming traffic, Robbins v. Mydland, La.App. 1 Cir., 81 So.2d 561."
In Brashears v. Tyson, La.App., 86 So.2d 255, 257, we held that a driver entering an intersection from a less favored street, even though he stops, has not completed his legal duty, "but this act must be followed by a careful examination of traffic on the favored street and he should not enter the intersection unless he is certain he can do so without causing damage."
In the Brashears case it was held that the duty to come to a full stop and examine traffic before crossing an intersection at a "blind corner" is imposed upon the motorist who does not have the directional right-of-way and that it was not contributory negligence for the motorist who does have the directional right-of-way to proceed past the "blind corner" into the intersection at a reasonable speed. There are many other cases holding drivers on the favored street are not contributorily negligent for failing to see the approach of vehicles on a less favored intersecting street when the view is blocked. In Stovall v. Washington, La. App., 88 So.2d 483, a driver with the right-of-way was held not to be guilty of negligence in failing to observe traffic to the left when the view was blocked by a truck.
Lewis v. Groetsch, La.App., 32 So.2d 396, is a similar holding, where the plaintiff was not found guilty of contributory negligence in failing to observe traffic to his left because his view was blocked by a street car. In Turner v. Southern Farm Bureau Casualty Co., La.App., 91 So.2d 436, the northeast corner of an intersection was overgrown with bushes and the driver who had the directional right-of-way was not found guilty of negligence in driving into the intersection at a speed of 25 miles per hour.
Of course there are also many cases in which the driver having a right-of-way was found guilty of contributory negligence where there was no obstruction to his view and he could and should have seen the oncoming vehicle and avoided the collision. We so found in Starnes v. Mury, La. App., 90 So.2d 901. There the driver on the favored street had a reasonable opportunity to see the defendant's car approaching and to realize that he was going to proceed into the intersection regardless of the right-of-way. She had this opportunity, as her view was not blocked, to observe oncoming traffic and also had time after seeing the other car was going to proceed into the intersection to have avoided the accident.
The recent case of Commercial Credit Corporation v. Serpas, La.App., 94 So.2d 83, 85, held the driver on a favored street not to be guilty of contributory negligence under similar circumstances to the present case. Therein it is stated:
"Under the situation presented in this case, the petitioner had the right of way over the defendant, who was approaching from his left. We feel that the petitioner had the right to enter the intersection assuming that such persons would respect his superior right. This assumption would prevail unless it is shown that the petitioner knew of the apparent danger or should have known of the apparent danger in time to stop and avoid the accident. The petitioner claims that he looked and saw no one approaching. The mere fact he failed to see whether the other automobile stopped to respect his right of way or did not stop does not necessarily constitute contributory negligence. To bar recovery, the deficient lookout must be a proximate cause of the accident. See Gautreaux v. Southern Farm Bureau Casualty Company, La.App., 83 So.2d 667. A motorist crossing an intersection has the right to *849 rely on the assumption that those approaching it will respect his right of way and accordingly he may proceed. If, however, in driving on the favored street he sees, or in the exercise of due care should see, that the other vehicle neglected to make the stop required by law, the motorist may himself be under a duty of stopping if by the exercise of reasonable care on his part the accident could have been avoided. Under the facts in the case at bar, plaintiff, who had the right of way, stated that he looked before entering the intersection of only 24 feet wide and saw no one. Assuming he had seen defendant's vehicle at that time we are still of the opinion that he could not have avoided the accident. Plaintiff contends that in approaching the intersection he was traveling approximately 20 to 25 miles per hour and that he slowed down for the intersection and that at the moment of impact he may have been moving at about 15 to 20 miles per hour. According to the chart in Blashfield an automobile traveling at 20 miles per hour is moving at the speed of 29 feet per second, that it requires 22 feet for reaction time and a total distance of 40 feet in which to stop. At this speed some charts place the total stopping time distance at fifty-nine feet. Using either of these charts, we do not believe plaintiff's deficiency was or can be considered a proximate cause of the accident when we consider the relative rights and duties of the respective parties and the width of the intersection.
* * * * * *
"This Court has recently upheld the rule that right of way traffic is entitled to approach and enter an intersection even if it observes traffic approaching on an inferior thoroughfare, because superior traffic is entitled to rely upon the assumption that the others will respect the superior's right of way. Brashears v. Tyson, La.App., 86 So.2d 255; Bahry v. Folse, La.App., 83 So.2d 912; and Gautreaux v. Southern Farm Bureau, La.App., 83 So.2d 667. This rule applies unless the superior motorist should reasonably realize the danger in time to stop and avoid the accident. Miller v. Abshire, La.App., 68 So.2d 143 and Droddy v. Southern Bus Lines, La.App., 26 So.2d 761."
In the present case the driver of the plaintiff's car could not avoid the accident, although he braked his car and pulled to the right. We find no negligence upon his part, concluding the sole proximate cause of the accident was the negligence of the driver of defendant's vehicle.
There is no dispute as to the quantum of damages in the sum of $235.66 caused to plaintiff's automobile by the collision. Nor is there any denial as to the insurance coverage afforded by the defendant Insurance Company.
The judgment of the District Court is reversed and judgment is hereby rendered in favor of the plaintiff, Johnnie Stevens, and against the defendants, Mrs. Mary Rogers Delanoix and Delta Fire & Casualty Co., in the sum of $235.66, together with legal interest from date of judicial demand until paid, and all costs of this proceeding.