JOHNSON, Judge.
Plaintiffs have appealed from a judgment of the First City Court of New Orleans dismissing the suit for property damage.
Plaintiff, Joseph O. Cousins, was the owner of a Pontiac automobile and plaintiff, Emmco Insurance Company, insured the car against collision damage. Defendant was the public liability insurer of a Chevrolet truck owned by Dixie Machine Works.
About 12:45 p. m., on September 23, 1958, Mrs. Cousins, wife of Joseph O. Cousins, was driving the Pontiac down Dauphine Street in New Orleans. At that time Paul Richoux, employee of Dixie Machine Works, was driving the Chevrolet truck on Frenchman Street toward the river. At the intersection of Dauphine and Frenchman Streets, the Pontiac and the truck collided, causing damage to the Pontiac in the amount of $647.51, and the parties stipulated as to the correctness of that amount in the event of judgment.
*586 There is no dispute as to the facts. Dau-phine Street is a one-way street for traffic going down river, and Frenchman Street is a two-way street crossing Dauphine at right angles; that ordinarily there are stop signs at Frenchman at the intersection of Dau-phine, hut on this day the sign was in place for traffic on Frenchman going toward the lake but the sign on Frenchman for traffic going toward the river was gone. At the uptown lake corner of the intersection there is a store building extending to the sidewalk on both streets, and in addition to that building on this occasion a stake bodied truck was parked at the curb on the lake side of Dauphine heading the wrong way with the rear of the truck in line with the uptown side of Frenchman Street, all of which created what is termed a blind corner. Both "drivers were going reasonably slow when they entered that intersection. The left front corner of the Pontiac and the right front corner of the Chevrolet truck collided in the center of Dauphine and the traffic lane in which the truck was traveling. Neither driver saw the other driver’s vehicle until they were about to collide and then it was too late to avoid the collision. It was raining but the rain did not interfere with vision or contribute to the cause of the accident.
Mrs. Cousins lived not far from that point and customarily traveled Dauphine. She knew she had the right-of-way over Frenchman. The driver of defendant’s truck had lived at that corner at one time but had not driven there lately. He was familiar with Dauphine as a through street at other locations. He said he did not stop before entering the intersection.
By provision of the State law when two vehicles approach an intersection at approximately the same time the one traveling from the right has the right-of-way. Plaintiff’s car had the right-of-way by virtue of that law and by the local traffic stop signs, though the sign facing defendant’s driver was not in place on that day. Mrs. Cousins did not have an opportunity to do anything after the Chevrolet was visible. If the driver of that truck had stopped at the intersection, as he should have done, the accident would not have happened.
The facts in this case are almost exactly the same as those in Stevens v. Delanoix, La.App., 96 So.2d 844. That decision discusses, cites and quotes from a number of pertinent authorities. It would serve no useful purpose to rehash them here. We conclude that there was no negligence on the part of plaintiff’s driver and that the accident and resulting damages were caused by the negligence of the driver of defendant’s insured truck.
The judgment appealed from is reversed and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiffs in the sum of $647.50, with legal interest from judicial demand and for all costs, including cost of this appeal.
Judgment reversed and rendered.