REGAN, Judge.
We granted a rehearing in this matter because we recognized that we had inadvertently erred in holding that the “sole cause of the accident was the negligence of *699 Miss Musco (the defendant) in disregarding and failing to honor the right of way which plaintiff had under the accepted rules of the road.” We asserted errone■ously “She was approaching from plaintiff’s •right, and therefore she should have yielded him the right of way.”
The plaintiff, Frank H. Wyman, Jr., the 'owner and operator of a 1950 Chevrolet Sedan, instituted this suit against the defendants, Miss Rosalie M. Musco, the owner and operator of a 1951 Chevrolet Sedan, •and her liability insurer, Liberty Mutual Insurance Company, endeavoring to recover the sum of $247.28, representing property damage incurred by his automobile on December 1, 1954, at about 7:30 a. m., by virtue of a collision in the center of the •intersection of Chippewa and Second 'Streets in the City of New Orleans.
The defendants answered and denied that Miss Musco was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of plaintiff. Defendants then reconvened •claiming the sum of $80 for property damage incurred by Miss Musco’s vehicle.
From a judgment in favor of plaintiff as prayed for, dismissing the reconventional demand, the defendants have prosecuted this appeal. In our original decree we affirmed this judgment.
In order to avoid repetitious designation ■of parties defendant we shall hereinafter refer to Miss Musco as the defendant.
The record reveals that the situs of the accident was in the center of the intersection of Chippewa and Second Streets, both of which are one way roadways. There is testimony in the record that the streets are approximately of the sanie width and that the uptown river corner of the intersection is what has been colloquially designated as a “blind corner.”
Plaintiff was driving in Chippewa Street in the general direction of Canal Street and the defendant was driving in Second Street from the river towards the lake.
The defendant asserts that she was operating her vehicle at a speed of approximately fifteen miles per hour and when she first observed plaintiff’s vehicle, she was approximately seventeen feet removed from the intersection and immediately applied her brakes, but despite the. application thereof, her vehicle skidded' into the right front side of plaintiff’s automobile. She was unable to say with any certainty how far into Chippewa Street plaintiff was when she first observed him.
Plaintiff asserts that as he reached the intersection he was operating his vehicle at a speed of approximately fifteen miles per hour and when he reached the intersection he slowed his vehicle to a speed of four or five miles per hour, shifted into second gear and, at this moment, he could see into Second Street for a distance of forty to fifty feet. He saw nothing approaching and then endeavored to cross the intersection and when his vehicle was in the center thereof the collision occurred.
Our examination of the record discloses that the respective operators of the vehicles involved in the collision were the only witnesses to the accident. An analysis of their testimony convinces us that both automobiles were approaching this blind intersection without regard as to the possible existence of the other until a split second before the collision became imminent. It is our opinion that under these circumstances both operators were guilty of negligence' in failing to exercise that degree of caution commensurate with the blind characteristics which this intersection exemplified and,, therefore, there can be no recovery by either litigant. The supreme rule of the road is the rule of mutual forbearance.
For the reasons assigned our original decree is recalled and set aside and it is' now ordered, adjudged and decreed that the *700 judgment appealed from be and it is reversed insofar as the main demand is concerned and that there now be judgment in favor of defendants dismissing plaintiff’s suit. In all other respects the judgment appealed from is affirmed. Each party to bear their own costs. The right to apply for a rehearing is reserved to each litigant.
Original decree recalled. Judgment appealed from affirmed in part, reversed in part.
JANVIER, J., absent, takes no part.