HARDY, Judge.
This is an action in which plaintiff and her insurer seek to- recover for damages sustained by plaintiff’s automobile. Made defendants are Mrs. Fontenot, driver of the other automobile involved in the collision, her husband, as head and master of the community, and Cleveland J. Jeansonne. After trial there was judgment in favor of plaintiff against the Fontenot defendants, and further judgment in favor of defendant, Jeansonne, rejecting plaintiff’s demands. From the judgment the Fontenots, husband and wife, have appealed.
The accident from which this suit arises occurred on a gravel highway between Hamburg and Bordelonville in Avoyelles Parish, about 8:00 o’clock, P.M. on May 24, 1957. Plaintiff was driving her car west toward Bordelonville and Mrs. Fontenot was driving her family car east toward *710 Hamburg, en route to Simmesport. A truck belonging to Cleveland J. Jeansonne was parked immediately in front of his residence, the right wheels of the vehicle being in the ditch on the south side of the highway, but the greater portion of the vehicle extending into the highway in Mrs. Fontenot’s lane of travel. Both plaintiff and Mrs. Fontenot observed the Jean-sonne truck as they approached its location, and, according to the testimony of Mrs. Fontenot, she was of the opinion that she could pass the truck before meeting the automobile of plaintiff approaching from the opposite direction. However, upon nearing the truck she applied her brakes, skidded in the loose gravel and collided with plaintiff’s car, which had been pulled over to the extreme north edge of the highway. It is established that the highway at the point of the accident was approximately 27 feet in width, and it follows that there was more than sufficient room for the two cars which were involved in the accident to meet and pass in complete safety, despite the parking of the Jeansonne truck partially upon the highway.
It is to be observed that plaintiffs did not appeal from the judgment which rejected their demands against Jeansonne, and inasmuch as the Fontenot defendants in their pleadings did not seek relief against Jeansonne, despite what they strenuously urge was his negligence, the question of Jeansonne’s liability is not before the court on this appeal.
The facts above stated were overwhelmingly established by the testimony of the witnesses on trial of the case. It is clear that Mrs. Fontenot, after applying her brakes, lost control of her car, which moved across a center ridge of loose gravel into the left lane of the highway and struck plaintiff’s vehicle, which was entirely on its side of the road. This action occurred after Mrs. Fontenot’s car had actually passed the Jeansonne truck.
There can be no question under the facts set forth as to the negligence of Mrs. Fontenot, which was the sole and proximate cause of the collision. Nor is there any doubt that plaintiff was free from negligence.
Since we are in complete accord with the conclusion reached by the district judge, and the judgment pursuant thereto, it follows that the judgment appealed from should be, and, accordingly, it is, affirmed at appellant’s cost.