120 So.2d 372 (1960)
Otha D. ALLEN, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 9194.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1960.
*373 Theus, Grisham, Davis, Leigh & Brown, Monroe, for defendant-appellant.
Orlando N. Hamilton, Jr., Oak Grove, for plaintiff-appellee.
AYRES, Judge.
By this action plaintiff seeks to recover compensation in the form of damages for personal injuries and damage to property sustained in a motor vehicle collision occurring May 12, 1959, at the intersection of Newell and Harper Lane Roads in West Carroll Parish. Both roads, approximately 18 feet in width, gravel surfaced, intersect at right angles, the former running in a *374 general east and west course and the latter north and south. Due to the presence of trees and other vegetation at the northwest corner, the intersection may be properly classified as a blind corner, particularly as to motorists approaching from the north and west, as were plaintiff and defendant's assured at the time of the aforesaid collision.
Involved were plaintiff's 1955 Model Chevrolet automobile and a 1953 Model Ford pickup truck of Cecil E. Hammack, operated and driven at the time by his wife, Mrs. Mamie H. Hammack, and insured as to public liability by the defendant.
The accident occurred during a rain, at approximately 1:30 p. m., near the center of the aforesaid road intersection. Both drivers approached the intersection at about 40 miles per hour, plaintiff from the west on the Newell Road and Mrs. Hammack from the north on Harper Lane Road. The Hammack truck struck the left side of plaintiff's automobile. Following the collision, the automobile proceeded about 60 feet along Newell Road, coming to rest in a ditch and against a fence. The truck changed its course to a 90-degree angle to its left and came to rest likewise in the Newell Road about 50 feet beyond the point of impact.
Negligence allegedly constituting the sole and proximate cause, or, in the alternative, as against plaintiff, a contributing cause of the accident, consists primarily of each driver's excessive speed and lack of control of his or her vehicle, as well as the failure to keep and maintain a proper lookout. Additionally, the defendant's driver was charged with the failure to accord plaintiff his superior right of away in the intersection.
From a judgment awarding plaintiff $1,000 for personal injuries and $916.99 for medical expenses and estimated cost of the repair of his automobile, defendant appealed. Plaintiff prays, in answer to the appeal, that the award for personal injuries be increased to $5,000. The defendant insists, however, that the award for plaintiff's injuries is excessive and that, by the use of second-hand parts, plaintiff's car could have been placed in its former condition at half the costs predicated upon the use of new parts.
The primary issue for consideration is one of liability, determinable in resolving the question of whose fault the accident occurred and, secondary, the question of quantum.
While traffic on neither road is accorded priority over the other, other than by the directional priority pursuant to L.S.A.-R.S. 32:237, subd. A, Mrs. Hammack approached the intersection to plaintiff's left, and he to her right, at approximately the same time, neither at an unlawful rate of speed nor in any unlawful manner, as we understand the record. Therefore, under the aforesaid provisions of the Highway Regulatory Act, plaintiff, as the driver of the vehicle approaching the intersection from the right of the other motorist, had the right of way. Obviously, too, plaintiff first entered the intersection, as appears from the manner in which the left side of his vehicle was struck by the Hammack truck.
Before reaching the intersection, plaintiff decelerated his speed, but increased it after beginning its negotiation. He was unaware of the truck's approach until the occurrence of the collision. Mrs. Hammack, however, saw plaintiff's car only momentarily before the collision. At that moment, neither space nor time permitted her to take any action to avoid the impending collision.
The defendant does not seriously question the negligence of Mrs. Hammack. The duty devolved upon Mrs. Hammack, who was approaching the intersection from plaintiff's left, to yield the right of way and to permit him to complete the negotiation of the crossing in safety. Her failure in that regard constituted negligence. *375 Allen, who was driving at a reasonable rate of speed, maintaining a general observation of the intersection, and who was exercising ordinary care, had a right to presume that any driver approaching the intersection from his left and who thereby had an inferior right to his, would observe the law and accord him his supeprior right of passage. In an opinion involving a similar occurrence, at a street intersection where the movement of traffic was controlled neither by signal lights, stop signs, nor city ordinance, we stated:
"We find Mrs. Smith did not fail in her duty to maintain a proper lookout, a duty which implies that one who operates a motor vehicle must keep a sharp lookout ahead to discover the presence of those who might be in danger. When the foregoing circumstances prevail a duty resolves upon the motorist approaching from the left to yield. The implication from the statute LSA-R.S. 32:237, subd. A, is that a motorist exercising ordinary care in driving on a superior street should not be held to the same standard or degree of care and vigilance as if no such expression of the legislative intent existed. He has the right to assume, it has been repeatedly held, that unless danger can be reasonably anticipated or is otherwise imminent, the law relating to this rule of the road is understood and will be observed, and he is not required to search in anticipation of other motorists who may, in violation thereof, enter an intersection from an inferior street without being relatively certain that it is safe to do so. Gutierrez v. Columbia Casualty Company, La.App. 1958, 100 So.2d 537, 539. In Gautreaux v. Southern Farm Bureau Casualty Company, La.App. 1955, 83 So.2d 667, 669, it was said:
"`In the everyday world, ordinarily prudent motorists on the main thoroughfare do not slow before each corner and attempt to peer down the sidestreets, but instead concentrate most of their attention on the path ahead, relying on their legal "right of way". Legislative provisions for right of way are to facilitate the passage of traffic in this congested twentieth century world. If to accomplish this purpose, and in realization that even observing the path ahead may tax the ordinary motorists' powers of sustained observation, the legislature has relieved the motorist on the right of way street of a duty ordinarily to slow before each intersection (and, consequently, of a duty to take his attention from the path ahead by darting glances each way down the intersecting streets), appellate courts should not supply artificial standards in an unrealistic attempt to allocate damages after an accident has occurred.'"
Smith v. Hoye, La.App., 115 So.2d 651, 653-654.
The general rule is that motorists on rights-of-way streets have a right to assume that traffic approaching the intersection from less-favored streets will observe the law and yield the right of way to traffic on such favored streets, and that such motorists can indulge in this assumption until they see, or should see, that the other motorist has not observed, or is not going to observe, the law. Youngblood v. Robison, La., 118 So.2d 431; Bryant v. Ouachita Coca-Cola Bottling Company, Inc., La., 117 So.2d 919; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So.2d 328; Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So. 2d 292.
This principle has application at blind corners, or blind intersections, regardless *376 of whether the movement of traffic is controlled or governed by signal lights, stop signs, or the statutory rule as to directional right of way. Smith v. Hoye, supra; Stevens v. Delanoix, La.App., 96 So. 2d 844; Ehtor v. Parish, La.App., 86 So. 2d 543; Brashears v. Tyson, La.App., 86 So.2d 255; Sampey v. Martin, La.App., 80 So.2d 551; Thibodaux v. Willet, La.App., 70 So.2d 728; Hochenedel v. Heard, La. App., 188 So. 413; Meredith v. Arkansas Louisiana Gas Co., La.App., 185 So. 498.
In the first of these cases, under a similar state of facts, we stated:
"As above noted, the impact between the two vehicles occurred close to the center of the intersection, thus indicating both motorists entered the intersection almost simultaneously. Mrs. Smith, however, entered the intersection slightly ahead of Miss Hoye, as evidenced by the fact that the Smith car was struck on its left side by the front of the Hoye vehicle. It follows, therefore, there was no pre-emption of the street by Miss Hoye, and she should have yielded the use of the intersection to Mrs. Smith who had the superior right-of-way. It is our ruling Mrs. Smith was free of negligence constituting a proximate cause of the accident, and we so hold." [115 So.2d 654.]
Under the facts as disclosed in this record, reference to which we have heretofore made, we cannot conclude it has been established that plaintiff was guilty of negligence constituting either a proximate or a contributing cause of the accident. This conclusion is inescapable in gauging the fault which is attributable to him while operating his motor vehicle in obedience to positive law in negotiating an intersection in which he has the right of way. Applicable is the rule stated in Kientz v. Charles Dennery, Inc., supra, where it was held that, in gauging the fault which is attributable to one who was operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor, without it, the accident would not have occurred. Nor is the outcome affected where, with the exercise of a superlative degree of care by plaintiff, the accident may have been averted. Mason v. Price, La.App., 32 So.2d 853.
Defendant, nevertheless, cites and relies upon the holdings and pronouncements made in the following cases: Cappo v. Baker, La.App., 91 So.2d 611, 612; Davis v. Great American Indemnity Company, La.App., 76 So.2d 103, 105; Sustendal v. Weber, La.App., 76 So.2d 8, 9; Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 70 So.2d 235, 237; Comeaux v. Blanchet, La.App., 69 So.2d 527, 531; to the effect that a motorist, by virtue of his superior right of way, is not relieved entirely, under any and all circumstances, of the duty of making some circumspection and observation of traffic approaching or entering intersections, nor of responsibility occasioned by his own excessive speed, recklessness, and carelessness. With these rules, we are in accord, but we find no pronouncements in these cases altering or modifying the rules to which we have referred. Nor is our conclusion contrary to the recent pronouncements of the Supreme Court in Youngblood v. Robison, La., 118 So.2d 431, 433, as to the rights and duty of a motorist on a favored street driving at a reasonable rate of speed and maintaining general observation. There it was observed:

"He was driving at a reasonable rate of speed and maintaining a general observation of the intersection. Thus, he had his car under such control as to meet and respond to any hazard which might be expected under normal conditions and this was all that the law required of him. He was not obliged, as the Court of Appeal indicates, to turn his head in the direction of traffic approaching from *377 his left or right, or from both left and right, to ascertain whether someone might violate the law by running the crossing on a red light. On the contrary, he had the right, under our jurisprudence, to assume that the law would be respected." (Emphasis supplied).
We, therefore, hold that defendant's plea of contributory negligence is not supported by the evidence and that, as a consequence thereof, and from the conclusion defendant's driver's negligence constituted the proximate cause of the accident, defendant should respond in damages for the personal injuries and property damage sustained by plaintiff.
Attention shall first be directed to plaintiff's claim for property damage. The testimony reveals that prior to the accident plaintiff's automobile was, in the dealer's parlance, a clean car and in first-class operating condition; that considerable damage resulted from the accident; and that to repair and replace the car in its former condition would require an expenditure of $899.49, according to an estimate of J. S. Berry, mechanic and service manager of a motor company, exceeding the amount claimed by $14.85.
Defendant contends that the estimate is excessive, and that the repairs could have been made by the use of second-hand parts at half the cost. This contention is, in our opinion, without merit, first, for the reason there is no definite proof to that effect. True, the mechanic was asked what it would have cost to repair the car with used parts of as good quality as were those damaged in the wreck, and he replied "About half price." Many unknown and undeterminable factors enter into the use of second-hand parts in the repair of a car, such as the unknown quality and the availability of such parts, to the latter of which the testimony reveals considerable difficulty. Plaintiff is, no doubt, entitled to have the damaged parts replaced and restored by sound parts. How such quality of parts may be secured and used through other than new parts, the record does not disclose.
Defendant next complains that plaintiff has not had his car completely repaired. Plaintiff's failure stems from his financial inability. He did, however, through his own labor and the help of others, through an expenditure of approximately $250, place his car in a usuable condition. The amount thus expended, without restoring the vehicle to its former condition, is no criterion or measure of the extent of damage done to the automobile. Plaintiff's inability or failure to have his car repaired is immaterial to his right of recovery for the damage done.
However, we find no justification or basis for the allowance of damages for the alleged permanent depreciation of plaintiff's automobile notwithstanding its repair. First, plaintiff makes no claim for such depreciation and, second, the proof is insufficient for such an award. In this connection, the mechanic was asked, "How much difference in the value would you say a car of this age would suffer by being in a wreck?" to which he answered, "Possibly a $100. It has a lot to do with how it was fixed and put back together." The amount stated was therefore indefinite, conditional, and insufficient upon which to predicate an award.
Lastly, for consideration, is the award for plaintiff's personal injuries. Plaintiff suffered shock, bruises, a severe contusion to his head, a concussion of the brain which lasted several days, and, for a period of time, amnesia as a result of the concussion. Soreness and pain were experienced from two to three weeks.
Following the accident plaintiff was carried to a clinic in Oak Grove where he was treated by Dr. T. G. Biggs and then permitted to return to his residence. He was seen again, at his residence, by Dr. *378 Biggs May 15, 1959, when the concussion had apparently cleared. Mrs. Allen testified plaintiff suffered a lapse of memory on the day of the accident and was "groggy"; for three weeks or more, was sore from bruises; and suffered pain and discomfort of a severe nature for two or three weeks, and continuing for quite awhile before completely subsiding. No fractured or broken bones were revealed by X-ray examination. Plaintiff's medical expenses were stipulated in the sum of $17.50.
From our own review of the record, we find no manifest error in the trial court's determination of the award. We find it neither inadequate nor excessive.
The judgment appealed is, therefore, affirmed at appellant's cost.
Affirmed.