138 So.2d 822 (1962)
EMMCO INSURANCE COMPANY and John J. Gould
v.
LIBERTY MUTUAL INSURANCE COMPANY et al.
No. 306.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1962.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiffs-appellees.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Thomas P. Walshe, Jr., New Orleans, for defendants-appellees.
Bienvenu & Culver, H. F. Foster, III, New Orleans, for defendants-appellants.
Before McBRIDE, SAMUEL and HALL, JJ.
*823 SAMUEL, Judge.
This is a suit by the owner and his insurer-subrogee for damages to the former's automobile resulting from an intersectional collision. Defendants are the drivers of the two cars immediately involved in the collision, Edward Lewis and Emile Juncker, and their insurers. There was judgment in the trial court in favor of plaintiffs and against Lewis and his insurer and against plaintiffs and in favor of Juncker and his insurer, dismissing plaintiffs' suit as to the latter two. Only Lewis and his insurer have appealed.
The accident occurred during the morning of June 19, 1960, a clear day, at the intersection of Frenchman and North Johnson Streets in the City of New Orleans. Juncker was proceeding towards the lake, or north, on Frenchman, a one-way street. Lewis was traveling east on North Johnson, a two-way street. Both streets are blacktopped and intersect each other at right angles. The intersection is not controlled by traffic signals or signs of any kind. It was a blind intersection insofar as the two defendants were concerned; to Juncker's left and to Lewis' right there was a building on the property line of each street. The plaintiff automobile was parked on North Johnson just beyond and east of the intersection.
Juncker and his insurer produced six witnesses: Juncker, his wife, the policeman who investigated the accident, two boys who had been in an automobile traveling behind the Juncker car and concerned with passing that car near the intersection, and a man who had been standing in or near the open doorway of a building on the corner facing the approaching Lewis car. Lewis and his insurer produced only one witness, Lewis himself. Plaintiffs offered no witnesses. From all of the testimony we are satisfied that the facts involved in the accident are as follows:
As they were approaching the intersection Juncker was traveling 18 or 20 miles per hour and Lewis was traveling well in excess of 35 miles per hour. Juncker saw the approaching Lewis car when it was about 20 or 30 feet from the intersection and immediately applied his brakes. His car skidded about 12 feet before the impact which occurred in the middle of the intersection. Lewis did not slow down at any time and did not see the Juncker car until he had entered the intersection at which time he accelerated in an attempt to avoid the collision. The front of the Juncker car struck the right rear of the Lewis car. At the time of the impact the Juncker car had either come to a stop or had almost done so. The Lewis car went spinning along North Johnson Street, struck the parked plaintiff automobile, and come to a stop 60 feet from the intersection facing in the direction from which it had come. Several of the witnesses testified that Lewis had a strong odor of alcohol on his breath. But in view of the testimony of all of the witnesses, we are of the opinion the record contains insufficient proof to establish as a fact that he was driving under the influence of alcohol.
We are here concerned with a case in which the property of an innocent party is damaged as a result of an accident between two automobiles, the operators of which are made solidary defendants. Under such circumstances the law is well settled that each defendant is deemed guilty of negligence per se and the burden of proof is upon each defendant to exculpate himself from negligence which proximately caused the collision. Equitable Fire & Marine Ins. Co. v. Allstate Ins. Co., La. App., 137 So.2d 366; Insurance Co. of North America v. Gore, La.App., 106 So. 2d 471; Marquez v. Miller, La.App., 64 So.2d 526.
As the Juncker car was approaching from Lewis' right, and as both vehicles entered the intersection at approximately the same time, the former had the right of way under both state statute and *824 city ordinance. LSA-R.S. 32:237 (A); § 38-133 (b), Traffic Ordinance, City of New Orleans.
Appellants contend: (1) that there is no liability on their part due to the fact that Lewis preempted the intersection and thus acquired the right of way over the approaching Juncker automobile; and (2) alternatively, Juncker was guilty of such negligence as to require that both he and his insurer be cast in judgment with appellants.
The contention as to preemption is clearly incorrect. The doctrine of preemption contemplates entry into the intersection at a reasonable speed and with the opportunity, under normal and reasonable circumstances and conditions, of clearing the intersection without obstructing the path of an approaching vehicle on the intersecting roadway. Hayes v. Karsh, La. App., 138 So.2d 825 and cases cited therein. In the instant case Lewis was traveling at an unreasonable rate of speed and entered the intersection in such a manner that the occurrence of the collision was almost certain.
In connection with their second contention appellants rely on the following cases: Equitable Fire & Marine Insurance Co. v. Allstate Insurance Co., supra; Lambert v. Rogers, La.App., 109 So.2d 120; Cappo v. Baker, La.App., 91 So.2d 611; Wyman v. Liberty Mutual Insurance Co., La.App., 90 So.2d 698; Harris v. Travelers Indemnity Co., of Hartford, Conn., La.App., 70 So.2d 235; Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148. The general proposition of law expressed in these cases is that, regardless of right of way, a blind corner being extremely dangerous, each driver approaching such a corner must do so at a proper speed and make certain, as far as is reasonably possible, that no other vehicle is about to enter the intersection, so that if both drivers exercise reasonable care there can be no accident.
The rule of these cases is not applicable here. Lewis was guilty of gross negligence and we are convinced that, if Lewis had driven his car with the same degree of care and caution as that exercised by Juncker, the collision would not have occurred. Because of the reckless manner in which Lewis operated his vehicle, and particularly the speed thereof, we are also convinced that Juncker had no reasonable opportunity to observe the Lewis vehicle in time to avoid the accident. To label Juncker's driving as negligent and a proximate cause of the accident would be equivalent to taking the statutory right of way from Juncker and giving that right of way to Lewis, despite the gross negligence of the latter. Juncker's negligence, if any, was not a proximate cause of the accident.
The controlling rule of law in the instant case has been well expressed, and well supported by authoritative citations, in the recent case of Allen v. State Farm Mutual Automobile Insurance Co., La. App., 120 So.2d 372, 375, as follows:
"The general rule is that motorists on rights-of-way streets have a right to assume that traffic approaching the intersection from less-favored streets will observe the law and yield the right of way to traffic on such favored streets, and that such motorists can indulge in this assumption until they see, or should see, that the other motorist has not observed, or is not going to observe, the law. Youngblood v. Robison, [239] La. [338,] 118 So.2d 431; Bryant v. Ouachita Coca-Cola Bottling Company, Inc., [239] La., [83,] 117 So.2d 919; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So.2d 328; Koob v. Cooperative Cab Co., 213 La. 903, *825 35 So.2d 849; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292.
This principle has application at blind corners, or blind intersections, regardless of whether the movement of traffic is controlled or governed by signal lights, stop signs, or the statutory rule as to directional right of way. Simth v. Hoye, supra [La.App., 115 So.2d 651]; Stevens v. Delanoix, La.App., 96 So.2d 844; Ehtor v. Parish, La.App., 86 So.2d 543; Brashears v. Tyson, La.App., 86 So.2d 255; Sampey v. Martin, La.App., 80 So.2d 551; Thibodaux v. Willet, La.App., 70 So.2d 728; Hochenedel v. Heard, La.App., 188 So. 413; Meredith v. Arkansas Louisiana Gas Co., La.App., 185 So. 498."
We conclude that the judgment of the trial court must be affirmed.
In argument and brief Juncker and his insurer contend that neither they, nor the question of Juncker's negligence vel non, are before this court. They rely upon the settled rule that an appeal by a defendant who has been cast in judgment does not bring before the appellate court a co-defendant discharged by the judgment appealed from; the latter can be retained as a defendant only by a direct appeal taken by the plaintiff from the judgment dismissing the suit as against him. Prosperity Co., Div. of Ward Industries Corp. v. De George, La.App., 123 So.2d 802; Beaugh v. Fontenot, La.App., 116 So.2d 709; Baxter v. Texas & Pacific Railway Company, La. App., 102 So.2d 97; Reid v. Monticello, La.App., 33 So.2d 760; Thalheim v. Suhren, 18 La.App. 46, 137 So. 874.
In answer to this contention Lewis and his insurer argue that the rule of law has been changed by the Louisiana Code of Civil Procedure, which became effective subsequent to all of the cited cases, and particularly by Articles 2082, 2086 and 2164 thereof.
Our action in affirming the judgment of the trial court makes it unnecessary to decide the question.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.