SAMUEL, Judge.
This is a suit for damages and personal injuries arising out of an automobile collision. An intervention was filed on behalf of Associates Finance Inc. and Emmco Insurance Co. as subrogees of plaintiff. At the conclusion of the trial an exception of no right or cause of action was urged on behalf of Allstate.
There was judgment in the trial court in favor of plaintiff and against Mr. and Mrs. Karsh in the sum of $2,530.00, which total amount consisted of $980.00 for loss of earnings, $1,500.00 for pain and suffering, and $50.00 representing that portion of the damages to his car paid by plaintiff, and in favor of intervenors and against Mr. and Mrs. Karsh in the sum of $781.28 being the amount paid by intervenors for damages to the plaintiff car. The judg *827 ment maintained the exception of no right or cause of action and dismissed the suit and the intervention against Allstate. Mr. and Mrs. Karsh have appealed. Plaintiff also has appealed seeking an increase in the award for pain and suffering and judgment against Allstate as liability insurer of Mr. and Mrs. Karsh. Intervenors have not appealed nor have they answered the appeal taken by Mr. and Mrs. Karsh.
The facts are relatively undisputed. The accident happened at about 11:00 A.M. Plaintiff was driving his car on Upperline Street in the City of New Orleans in the direction of the river, i. e., in a southerly direction. The defendant car, driven by Mrs. Karsh on a mission for the community of acquets and gains existing between herself and her husband, was proceeding down South Galvez Street in an easterly direction. As they approached each other the defendant vehicle was to the right of plaintiff. Both cars were traveling only 10 or 12 miles per hour.
Upperline and South Galvez Streets intersect each other at a blind corner which, at the time of the accident, was uncontrolled by traffic lights, signs or warning devices of any kind. South Galvez at Upperline changes from a single roadway two-way street on the upper or western side of Upperline, the direction from which Mrs. Karsh was coming, to a double roadway separated by a neutral ground on the opposite, i. e. downtown or eastern, side of Upperline. There is an offset to the left which must be negotiated by traffic proceeding, as was Mrs. Karsh, downtown from the single roadway to the double roadway across Upperline. The single roadway being traveled by Mrs. Karsh actually comes to a dead end on the opposite side of Upperline so that it was necessary for her to turn to her left in order to cross Upperline and continue downtown on South Galvez, the route she intended to take.
Due to work being done on the river side of Upperline some distance from South Galvez, plaintiff was traveling in his left-hand lane as he approached the corner. The vehicles collided in the lane on Upper-line Street in which plaintiff was traveling when the defendant car was half way across Upperline. The defendant car struck the right door of the two-door plaintiff car. Both drivers failed to see the other car until only about 8 feet away and too late to avoid the collision.
Although defendants have mentioned the doctrine of preemption in their brief, they have not urged the same before this court and it is quite clear that the doctrine has no application under the facts of this case. For the doctrine of preemption contemplates entry into the intersection with the opportunity, under normal and reasonable circumstances and conditions, of clearing the intersection without obstructing the path of an approaching vehicle on the intersecting roadway. Equitable Fire & Marine Insurance Co. v. Allstate Insurance Company, La.App., 137 So.2d 366; Gallioto v. Chisholm, La.App., 126 So.2d 63, and cases cited therein.
Defendants contend they are entitled to a judgment in their favor because of the fact that Mrs. Karsh approached the intersection from plaintiff’s right and thus had the right of way. They rely upon Section 38-133(b) of the Traffic Ordinance, City of New Orleans, Chapter 38 of Ordinance No. 828 Mayor Council Series and LSA-R.S. 32:237(A), both of which are to the effect that the driver approaching from the right shall have the right of way and upon the rule that the driver on the favored street is ordinarily not negligent either in proceeding past a blind corner into an intersection at a reasonable speed or for failing to observe approaching vehicles on the less favored street when the view is blocked. Noonan v. London Guarantee and Accident Company, La.App., 128 So.2d 918; Janice v. Whitley, La.App., 111 So.2d 852; Stevens v. Delanoix, La.App., 96 So.2d 844; Brashears v. Tyson, La.App., 86 So.2d 255.
*828 The rule on which defendants rely is well expressed in the case of Allen v. State Farm Mutual Automobile Insurance Company, La.App., 120 So.2d 372, 375, as follows:
“The general rule is that motorists on rights-of-way streets have a right to assume that traffic approaching the intersection from less-favored streets will observe the law and yield the right of way to traffic on such favored streets, and that such motorists can indulge in this assumption until they see, or should see, that the other motorist has not observed, or is not going to observe, the law. * * *
“This principle has application at blind comers, or blind intersections, regardless of whether the movement of traffic is controlled or governed by signal lights, stop signs, or the statutory rule as to directional right of way. * * * ”
It is plaintiff’s contention that the situation presented by this case does not come under the above rule relative to inter-sectional collisions; that it involves a turning situation in which the defendant car, in order to proceed across Upper-line from its position in the single roadway to the double roadway of South Galvez, had to turn left into Upperline. They argue that the controlling law is to be found in the Traffic Ordinance of the City of New Orleans, Ordinance No. 828 M.C.S., Code of the City of New Orleans, 1956, as amended by Ordinance No. 1434 M.C.S., effective October 1, 1958, particularly Secs. 38-75 and 38-76, and by LSA-R.S. 32:235. The pertinent portion of the ordinance provides:
“No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 38-75 or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such a movement can be made with reasonable safety. * * * ”
LSA-R.S. 32:235(A) reads as follows:
“The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.”
We agree with plaintiff’s contention. There is no question but that Mrs. Karsh was required to make a left turn in order to cross Upperline from the single to the double roadway of South Galvez. Pictures of the scene make this clear as does her testimony during which she said “My car was almost into the intersection. It was half way across the street and I was starting to make a left turn.” Under the statute Mrs. Karsh was required to yield the right of way to the approaching plaintiff vehicle and, under the statute and the ordinance, she was prohibited from attempting to make the turn unless the way was clear.
It is quite obvious, of course, that her way was not clear. She has failed to carry the heavy burden placed on the driver making the left hand turn to explain how the accident occurred and to show that she was free from negligence. Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295; Codifer v. Occhipinti, La.App., 57 So.2d 697; Zurich Fire Ins. Co. of New York v. Thomas, La.App., 49 So.2d 460.
We now address ourselves to the question of quantum. Four of plaintiff’s ribs were fractured. He saw Dr. Louis Levy, II, on one occasion immediately following the accident and was referred by that doctor to Dr. James T. McQuitty, whom *829 he saw four times. He was unable to work for a period of seven weeks and suffered considerable pain during the first part of that period. No treatment was necessary beyond the application of a bandage, the application of heat to the injured area and some medication for pain. From the plaintiff’s testimony we conclude that he did not follow the medical advice relative to taking the medication and that if he had he would have suffered less pain. We are of the opinion that the award of $1,-500.00 for pain and suffering is not inadequate.
The appeal by plaintiff also seeks judgment against Allstate as liability insurer of Mr. and Mrs. Karsh. The exception of no cause or right of action filed by Allstate at the conclusion of the trial was based upon the failure of the petition to allege that Allstate was the insurer of the other defendants and upon the fact that the record contains no evidence to show any such insurance.
Without a proper amendment, and in the absence of proof in support thereof, the judgment by the trial court maintaining the exception and dismissing the suit against Allstate was correct. But we feel that a request, made by plaintiff at the time the exception was filed, for permission to amend his petition so as to include therein proper allegations as to insurance should have been allowed by the trial court. It is quite clear that the maneuver by Allstate in filing its exception at the conclusion of the trial came as a complete surprise to plaintiff. All defendants, Mr. and Mrs. Karsh and Allstate, were represented by the same attorney and the suit was vigorously defended on behalf of Allstate throughout the trial in the same manner and to the same extent as would have been true if it had been admitted as a fact that Allstate was the insurer of Mr. and Mrs. Karsh. Until the filing of the exception there was no suggestion that Allstate was not the insurer of Mr. and Mrs. Karsh and thus itself properly in court as a defendant. The court certainly would have permitted the amendment if the exception had been filed prior to trial as is customary. While Allstate had the right to file its preemptory exception at any time, we cannot allow plaintiff to be placed in what amounts to an unfair position. Incidentally, neither is it fair to the other two defendants, Mr. and Mrs. Karsh, if it-be a fact that they were insured by Allstate. Accordingly, we will remand solely for the purpose of permitting the amendment and a determination by the trial court of whether or not Allstate should be bound as insurer of the other defendants.
For the reasons assigned, that portion of the judgment which dismissed plaintiff’s suit against Allstate Insurance Company is reversed and, only in connection therewith, the case is remanded to the district court as to plaintiff and Allstate Insurance Company for the amendment of pleadings, hearing of evidence and all further proceedings consistent with the views herein expressed; in all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed and remanded in part.