157 So.2d 335 (1963)
Milty JONES et al., Plaintiffs-Appellants,
v.
SOUTHERN GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 953.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1963.
C. O. Brown, Alexandria, for plaintiffs-appellant.
Gold, Hall & Skye, by George B. Hall, Alexandria, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
This case and its companion case, Battles v. Southern General Insurance Co., La. App., 157 So.2d 337, were consolidated for trial. These suits arose out of the same automobile accident. Plaintiffs are Henderson and Milty Jones, husband and wife. Defendants are Southern General Insurance Company, liability insurer of a Chevrolet automobile operated by Paul Davis, and William Johnson, operator of a Buick automobile. Judgment was rendered against defendant William Johnson by default. After trial on the merits, the district court dismissed the demands of all plaintiffs against defendant Southern General Insurance Company. From this judgment, plaintiffs have appealed.
The accident occurred at the intersection of Wise Street and Warsheur Street in Alexandria, Louisiana, at approximately 5:20 P. M. on January 2, 1962. Wise Street was the right of way street and there were stop signs located at the intersection warning drivers proceeding along Warsheur Street to come to a stop before entering the intersection. A building located on the southwest corner of the intersection prevented drivers going north on Wise Street and east on Warsheur Street from seeing each other until they were near the intersection. Johnson was proceeding east along Warsheur Street. He approached the intersection, stopped, and then entered the intersection. Paul Davis, defendant's insured, was proceeding north along Wise Street. The automobiles collided in the intersection. As a result of the collision, Johnson's car struck Martha Battles and Milty Jones who were on the sidewalk. Both Martha Battles *336 and Milty Jones sustained injuries as a result of the accident.
The trial judge did not submit written reasons for his judgment for the defendant. It appears that he felt that the defendant's insured, Paul Davis, was not negligent. Plaintiffs contend that Davis was negligent. They further contend that under the doctrine of res ipsa loquitur the defendant has the burden of proving that its insured was not at fault in the accident.
Plaintiffs contend that Paul Davis was negligent in approaching the intersection at a speed of fifty miles per hour in a twenty-five mile per hour zone. "This preference created by statutes or by signals or stop signs on a favored street does not relieve the driver traveling on the favored street from the duty of exercising ordinary care of having his car under control and operating it at a reasonable and proper rate of speed while approaching an intersection and while crossing it." Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535, 537. In the present case, there is nothing in the record which indicates that Paul Davis was driving at an excessive rate of speed. The evidence is uncontradicted that Davis was proceeding at a lawful rate of speed as he approached the intersection.
Plaintiffs argue that the reason why the record shows no contradictory testimony as to the speed of the Davis automobile is that the trial judge refused to admit testimony from five eyewitnesses concerning the speed of the Davis automobile. Plaintiffs contend that this refusal denied them a fair trial and they request this court to remand the case to the district court for the purpose of hearing the testimony of these five witnesses.
The trial judge sustained an objection to the testimony of these witnesses because counsel for plaintiffs had not laid a proper foundation for the testimony.
The following excerpt from the record, beginning on page 106, shows how counsel for the plaintiffs attempted to introduce evidence concerning the speed of the defendant's insured:
"Q. I'll ask you, do you drive an automobile?"
"A. Yes, sir."
"Q. How many years have you been driving an automobile?"
"A. Seven years."
"Q. During the time you've been driving did you ever attempt to estimate the speed or how fast the car was going?"
"A. Yes, sir."
"Q. When you attempted to estimate that speed did you look at your speedometer and see if it was correct?"
"A. Well, yes, sir, it was right at it or miss it about maybe four."
"Q. Now did you ever attempt to estimate the speed of cars driven by other people before?"
"A. Yes, sir."
"Q. Now did you estimate the speed that Paul Davis was making when he came down Wise Street?"
"BY MR. HALL: Your Honor I object to the question if the questionthe answer is other than yes or no. I want to enter an objection, lack of proper foundation (Interrupted)"
"BY THE COURT: You may answer it as yes or no."
"Q. Did you estimate the speed of Paul Davis?"
"A. Yes, sir."
"Q. What did you estimate that speed to be?"
"BY MR. HALL: I object to that as to the lack of foundation and calling for the opinion of the witness."

*337 "BY THE COURT: Sustained."
Later, the trial judge stated his reasons for refusing to admit the testimony as follows:
"BY THE COURT: I haven't ruled that the evidence is not admissible. I just ruled that you haven't laid the foundation to prove such an allegation by this witnessthat speed is admissiblethere's no question about it."
We feel that the trial judge erred in not admitting the evidence as to the speed of the Davis vehicle. In Blashfield, Cyclopedia of Automobile Law and Practice, Section 6232, we find the following:
"A person who is of ordinary intelligence, who has some knowledge of the speed generally of the class of vehicles to which the one involved in an accident belongs, and who actually witnessed the speed of the vehicle in question at or near the time of the accident in which it was involved, or heard the noise made by the vehicle, or one who actually experienced the physical effects of the speed of a vehicle, through having been struck by it, or otherwise, is a competent witness on the issue of speed, since his knowledge is derived from the exercise of his senses."
In the present case, the record shows that counsel for the plaintiffs established that the witnesses had some general knowledge of the speed of the class of vehicles to which the one involved in the accident belongs. He established that the witnesses were in a position to have judged the speed of the Davis vehicle. For these reasons, we feel that the counsel for plaintiffs did lay a proper foundation for the testimony of the witnesses as to the speed of the Davis vehicle. There is some indication in the record that the trial judge was concerned with the credibility of these witnesses. However, this bears on the weight of the testimony, not its admissibility. Therefore, we feel it necessary to remand this case to the district court for the purpose of obtaining the testimony of the witnesses as to the speed of the vehicle.
Additionally, we feel that a remand is proper here especially in view of the jurisprudence of this state which provides that if an innocent party is damaged as a result of an accident between two automobiles, each defendant is deemed guilty of negligence per se and the burden of proof is upon each defendant to exculpate himself from negligence which proximately caused the collision. See Emmco Insurance Co. v. Liberty Mutual Insurance Co., La.App., 138 So.2d 822, and cases cited therein. Because of this rule, we feel that the evidence excluded by the trial judge is pertinent in determining whether the defendant discharged the burden of exculpating himself from negligence.
For the foregoing reasons, the decision is reversed and the case is remanded to the district court.
Reversed and remanded.