HALL, Judge.
This suit, and the companion suit of Hodges v. Allstate Insurance Company, La.App., 279 So.2d 266, arose out of a two-car accident which occurred shortly after midnight on August 16, 1970, on U. S. Highway 165, about 11.6 miles south of Columbia, Louisiana, in front of an establishment known as Sam’s Bar. A 1970 Cadillac being driven by John Lozier northerly on Highway 165 collided with a 1968 Thunderbird being driven by Leonard Taylor in a westerly direction entering the highway from the parking area in front of Sam’s Bar.
*264 Passengers in the Lozier automobile were Lozier’s wife and Rosa Belle McDonald who were riding on the back seat, and O. S. McDonald, Sr. who was riding on the front seat. Lozier received fatal injuries in the accident. O. S. McDonald was seriously injured and died about two month later from causes related to the injuries received in the accident. Rosa Belle McDonald was severely injured.
Suit was brought by Miss McDonald against (1) Margie L. Osborne, alleged to be the owner of the Taylor automobile; (2) Taylor; (3) State Farm Insurance Company, liability insurer of the Taylor automobile; and (4) Allstate Insurance Company, liability insurer of the Lozier automobile. The companion suit was brought against the same defendants by Jo Ann McDonald Hodges and O. S. McDonald, Jr., as survivors of O. S. McDonald.
Prior to trial all plaintiffs settled with State Farm for its policy limits and dismissed their suits as to defendants, Osborne, Taylor and State Farm, with reservation of their rights against Allstate.
The suits were consolidated for trial and after trial on the merits, the district court, in a written opinion, held there was no negligence on the part of Lozier and the sole cause of the accident was the negligence of Taylor. Accordingly, judgments were rendered rejecting plaintiffs’ demands against Allstate. Plaintiffs perfected appeals to this court. We affirm the judgment of the district court.
The evidence as to how the accident happened consists of the testimony of the investigating officer, Trooper Charles B. Thompson, several photographs taken by Thompson and a professional photographer, the testimony of Taylor, the testimony of Lozier’s wife and Miss McDonald, and a stipulation reflecting the results of blood alcohol tests administered to both Lozier and Taylor. The record does not reflect what happened to Taylor’s brother who was a passenger in Taylor’s automobile or why he did not testify. There were no other surviving witnesses to the accident.
At the scene of the accident, Highway 165 is a blacktop, two-lane highway, each lane being approximately 11 feet wide. There is an improved asphalt shoulder approximately 8 feet in width along each side of the highway. Sam’s Bar is located back some distance east of the highway with a parking area between the establishment and the highway.
Lozier was driving his automobile in a northerly direction on Highway 165, returning from a horse sale at LSU in Alexandria to his home in Monroe. The accident occurred when Taylor attempted to cross Highway 165 from Sam’s Bar with the intention of proceeding south on the highway. The front of the Lozier vehicle struck the middle left side of the Taylor vehicle. The evidence establishes the point of impact as being in the middle of the northbound lane, that is, the proper lane of travel for the Lozier vehicle.
There was a single skid mark 33 feet in length in a straight line in the northbound lane, which the Trooper was of the opinion was made prior to impact. The Trooper, who the parties stipulated to be an expert in accident investigation, testified without objection that it was his opinion based on his investigation of the known facts that the Lozier vehicle was traveling about 60 miles per hour and the Taylor vehicle commenced its entrance onto the highway when the Lozier vehicle was approximately 100 feet away.
Taylor testified he had been drinking all day at Sam’s Bar, although he had stopped drinking at about 8:00 in the evening. It was stipulated that the blood alcohol test administered to Taylor a short time after the accident showed an alcoholic content of 0.295% and that accordingly Taylor is pri-ma facie presumed to have been under the influence of alcoholic beverages and not in control of some of his faculties at the time *265 of the accident. Lozier’s test results were negative.
Taylor testified he drove his automobile from behind Sam’s Bar up to the asphalt shoulder bordering Highway 165, with the intention of entering the highway and turning south to take his brother to his home in Olla. He came to a complete stop, looked both ways and saw one vehicle coming from the south with its right-turn signal on. He then pulled onto the highway and was immediately struck by the Lozier vehicle. Taylor testified he never saw the Lozier automobile and that the impact occurred “maybe one second” after he started onto the highway.
Physical evidence coupled with the testimony of Taylor indicates his vehicle moved approximately 19 feet from the time he started onto the highway to the time the collision occurred. Taylor testified he had traversed the asphalt shoulder and most of the northbound lane when the collision occurred and the physical evidence confirms this fact.
•The testimony of the two ladies riding on the back seat of the Lozier automobile sheds no additional light on how the accident happened. Neither remembered anything about the accident except the impact itself, and both believed they had probably dozed off during the ride home.
All parties have agreed from the outset, and the trial judge so held, that Taylor’s negligence was a cause of the accident. Plaintiffs contend John Lozier was also guilty of negligence which was a contributing cause of the accident. Specifically, plaintiffs contend Lozier was negligent in failing to keep a proper and vigilant lookout, traveling at an excessive rate of speed and driving in a careless and reckless manner. Plaintiffs argue that in a case such as this where an innocent guest passenger is injured, the burden of proof rests with each defendant to exculpate himself from negligence, citing Jones v. Southern General Insurance Company, 157 So.2d 335 (La.App. 3d Cir. 1963) and Emmco Insurance Company v. Liberty Mutual Insurance Company, 138 So.2d 822 (La.App. 4th Cir. 1962).
The Emmco and Jones cases stand for the proposition that where an innocent party is damaged as a result of an accident between two automobiles, the operators of which are both made defendants, each defendant is deemed guilty of negligence per se in the absence of a showing to the contrary and the burden of proof is upon each defendant to exculpate himself from negligence. This doctrine was expressly rejected by this court in Nelson v. Zurich Insurance Company, 165 So.2d 489 (La.App. 2d Cir. 1964; reversed on other grounds, 247 La. 438, 172 So.2d 70) as an unwarranted extension of the doctrine of res ipsa loqui-tur. The holding of Nelson is that a guest passenger is not relieved of the necessity of establishing negligence by a preponderance of the evidence.
 In the instant case, regardless of burden of proof, the preponderance of the evidence is that the sole cause of the accident was the negligence of Taylor in pulling out onto the highway in front of the northbound Lozier vehicle. Nothing in the evidence indicates improper lookout, excessive speed or careless driving on the part of Lozier. Contrary to plaintiffs’ contentions, the evidence does not indicate anything about the location of Sam’s Bar or the traffic in front of the Bar that would have alerted Lozier to exercise .unusual precautions. Lozier, proceeding down a favored highway, had no reason to suspect that a car stopped on the side of the highway would suddenly pull out in front of him without warning. Quite to the contrary, Lozier was legally entitled to expect that Taylor would remain off the highway until Lozier passed safely by him. See Deo Gracias v. Collins, 236 So.2d 295 (La. App. 4th Cir. 1970); Cole v. Maryland Casualty Company, 205 So.2d 863 (La.App. 3d Cir. 1968).
Plaintiffs attach significance to the testimony of the two ladies in the Lozier auto *266 mobile as to the time they left Alexandria as compared with the time of the accident, indicating that Lozier had been driving at a high rate of speed. This evidence has little or no probative value as to Lozier’s speed at the scene of the accident. The ladies were obviously mistaken in their estimate of the time they left Alexandria because it would have been impossible for Lozier to have traveled the distance to the scene of the accident in the lapsed time, even at a high rate of speed. Furthermore, both ladies testified they noticed nothing unusual about the speed of the vehicle during the trip prior to the accident. None of the evidence indicates Lozier was traveling in excess of the 60 mile per hour speed limit.
Finding Lozier free from fault and the sole cause of the accident being the negligence of Taylor, the demands of plaintiffs against Allstate, Lozier’s insurer, must be re j ected.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.